LAWRENCE HAGNEY, Indiv. and as Adm'r of the Estate of Catherine Stevens, *et al.*, Appellants, v. DONALD LOPEMAN *et al.* (Andrew W. Peters, Appellee).

*Opinion filed March 26, 1992.*

Charles K. Smith, of Grosboll, Becker, Tice, Alvarez & Smith, of Petersburg, for appellants.

Edward J. Kionka and M. Keith Smith, of Kionka, Smith & Associates, of Mt. Vernon, and Roger W. Thompson, of Lincoln, for appellee.

JUSTICE CUNNINGHAM delivered the opinion of the court:

Plaintiffs appeal from an order of the appellate court reversing the judgment of the circuit court of Menard County. (203 Ill. App. 3d 1108 (unpublished order under Supreme Court Rule 23).) The issue presented is whether

the statute of limitations in a constructive trust action (Ill. Rev. Stat. 1981, ch. 110, par. 13—205) is tolled under section 13—215 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 13—215) where plaintiffs have not specifically alleged in their pleadings that the fraud complained of was not discovered, or discoverable, within the limitations period. The appellate court held that plaintiffs' pleadings were insufficient to toll the operation of the limitations period. This court granted leave to appeal, pursuant to our Rule 315 (134 Ill. 2d R. 315). We reverse and remand this cause to allow plaintiffs an opportunity to amend their pleadings to conform to the requirements herein set forth.

This action was filed by the relatives of Catherine Stevens, deceased, acting on behalf of her estate and in their individual capacity. The defendant, Andrew W. Peters, known in his professional capacity as Warren Peters, is an attorney. He became acquainted with Catherine Stevens and her family in 1945 or 1946. Soon thereafter, the defendant began to handle the family's legal affairs, including drafting a will for the mother of Catherine Stevens. This document gave Catherine a life estate in certain properties held by her mother and created the remainder interests in Andrew and Reiner Onken, family cousins.

After the death of her mother, Catherine Stevens began to explore the possibility of purchasing these remainder interests from her cousins and asked the defendant to represent her in this acquisition. On behalf of Catherine Stevens, the defendant had contact with the Onkens' attorney on several occasions to inquire about this transaction. There is some evidence to indicate that the defendant was only known by the Onkens' attorney as Warren Peters.

Defendant eventually purchased these remainder interests for himself for a sum of $10,000 in December of

1971. Approximately six months later, defendant recorded these deeds, using the name Andrew W. Peters.

The evidence is unclear as to whether Catherine Stevens knew of this transaction. However, Stevens did continue to hire defendant Peters to complete her income tax returns until the time of her death.

Catherine Stevens died intestate on October 15, 1981. Upon her death, the defendant took title to 230 acres of farmland. At that time, this property was valued at $366,000.

The estate of Catherine Stevens sought to have a constructive trust imposed to recover the farmland and therefore filed this action in November 1982. In their pleadings, plaintiffs alleged that a fiduciary relationship existed between the defendant and Catherine Stevens, and asked the trial court to impose a constructive trust such that the defendant would be required to convey the remainder interests back to the Stevens estate.

Plaintiffs' pleadings read in pertinent part:

"31. That for many years prior to her death, Catherine Stevens frequently contacted Defendant Andrew W. Peters for legal and financial advice.

32. That the aforesaid Decedent, Catherine Stevens came to repose trust and confidence in her attorney, the aforesaid Defendant Andrew W. Peters, and a relationship of trust and confidence developed between the Decedent and Defendant Andrew W. Peters.

33. That while Defendant Andrew W. Peters was acting in his capacity as attorney for the Decedent, Catherine Stevens, and at a time an attorney-client relationship existed between Defendant Andrew W. Peters and Catherine Stevens, Defendant Andrew W. Peters acquired the remainder interest in the real estate hereinbefore described in Paragraph Twenty (20).

34. That a fiduciary relationship existed between Defendant Andrew W. Peters, as attorney, and his client, Catherine Stevens.

35. That Defendant Andrew W. Peters acquired the aforesaid remainder interest at a time when Catherine Stevens was attempting to acquire the same aforesaid remainder interest.

36. That Defendant Andrew W. Peters was aware of the fact that Catherine Stevens was attempting to acquire the remainder interest.

\* \* \*

40. That in acquiring the aforesaid remainder interest in violation of his fiduciary duty to his client, Defendant Andrew W. Peters holds the property described herein as constructive trustee for the Estate of Catherine Stevens."

The trial court found for the plaintiffs, holding that the defendant held the property in constructive trust, and directed the defendant to reconvey his interests in the farmland to Catherine Stevens' estate. The appellate court reversed, finding the action precluded by the statute of limitations, as plaintiffs' pleadings were insufficient to invoke the provisions of section 13—215 (also known as the discovery rule) to toll the statute of limitations.

In Illinois, a five-year statute of limitations applies to an action for constructive trusts. (*Chicago Park District v. Kenroy, Inc.* (1980), 78 Ill. 2d 555, 560-61; Ill. Rev. Stat. 1981, ch. 110, par. 13—205.) However, the operation of the statute of limitations is tolled if a party can prove that some fraud prevented the discovery of the cause of action. (Ill. Rev. Stat. 1981, ch. 110, par. 13—215.) Section 13—215 (the discovery rule) states:

"13—215. Fraudulent concealment. If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards." Ill. Rev. Stat. 1981, ch. 110, par. 13—215.

The provisions of the discovery rule may come into play where either fraud or the breach of a fiduciary relationship, by which the fiduciary profits at the expense of the other party, is alleged. (See *Kenroy*, 78 Ill. 2d at 561-62.) Generally, where one alleges that the concealment of a cause of action tolls the statute of limitations, it is necessary to show affirmative acts by the fiduciary designed to prevent the discovery of the action. (*Kenroy*, 78 Ill. 2d at 561; *Skrodzki v. Sherman State Bank* (1932), 348 Ill. 403, 407.) However, as this court stated in *Kenroy*:

> " '[i]t is the prevailing rule that, as between persons sustaining a fiduciary or trust or other confidential relationship toward each other, the person occupying the relation of fiduciary or of confidence is under a duty to reveal the facts to the plaintiff (the other party), and that his silence when he ought to speak, or his failure to disclose what he ought to disclose, is as much a fraud at law as an actual affirmative false representation or act; and that mere silence on his part as to a cause of action, the facts giving rise to which it was his duty to disclose, amounts to a fraudulent concealment ***.' " *Kenroy*, 78 Ill. 2d at 562, quoting Annot., 173 A.L.R. 576, 588 (1948).

In the instant case, defendant admitted that a fiduciary relationship existed between himself and Catherine Stevens. The trial court found that, based upon these facts, a constructive trust existed between the parties. However, the defendant purchased the property in 1971 and recorded the deeds in 1972. The plaintiffs did not commence this action until 1982. In order to maintain the action, plaintiffs must invoke the provisions of the discovery rule through their pleadings.

In *Keithley v. Mutual Life Insurance Co.* (1916), 271 Ill. 584, this court stated that the pleadings alleging a fraudulent concealment must set forth the facts constituting the concealment. (*Keithley*, 271 Ill. at 594.) Specifically, this court set forth rules regarding what plain-

tiffs must show to toll the statute of limitations. In *Vigus v. O'Bannon* (1886), 118 Ill. 334, reviewed and approved in *Keithley*, the court stated that, to excuse diligence in discovering the fraud, the plaintiff must attribute the failure to discover to the trust and confidence placed in the fiduciary. (*Keithley*, 271 Ill. at 594; *Vigus*, 118 Ill. at 346.) This is an essential element of plaintiffs' case. As such, it must be alleged in plaintiffs' pleadings. See *Woodworth v. Sandin* (1939), 371 Ill. 302, 308; *Holton v. Resurrection Hospital* (1980), 88 Ill. App. 3d 655, 658; *Williams v. RCA Corp.* (1978), 59 Ill. App. 3d 229, 230; *Dear v. Locke* (1970), 128 Ill. App. 2d 356, 364; *Bauscher v. City of Freeport* (1968), 103 Ill. App. 2d 372, 376; *Williams v. Rock River Savings & Loan Association* (1964), 51 Ill. App. 2d 5, 13.

Numerous appellate court panels in Illinois have recognized this basic pleading requirement to toll the statute of limitations. These panels have dismissed cases where, although plaintiffs had asked the court to invoke provisions of the discovery rule, the pleadings did not set forth specific facts alleging a fraudulent concealment of the cause of action. (See, *e.g., Cundiff v. Unsicker* (1983), 118 Ill. App. 3d 268; *Waterford Condominium Association v. Dunbar Corp.* (1982), 104 Ill. App. 3d 371; *Brainerd v. Flannery* (1978), 56 Ill. App. 3d 991; *Wilson v. LeFevour* (1974), 22 Ill. App. 3d 608.) Specifically, several panels have determined that, to toll the statute of limitations, a plaintiff must allege either that he or she could not have discovered the fraud any sooner through the exercise of greater diligence or that the trust and confidence placed in the defendant prevented the plaintiff from discovering the fraud any sooner. *In re Estate of Myers* (1983), 120 Ill. App. 3d 726; *In re Estate of Dykema* (1980), 89 Ill. App. 3d 741.

Plaintiffs' pleadings set forth allegations that there existed a fiduciary relationship between defendant and

Catherine Stevens. However, plaintiffs have not alleged that the trust which was reposed in the fiduciary prevented the discovery of the cause of action. Instead, plaintiffs argue that this court's decision in *Kenroy* eliminated the need for specific pleadings alleging such facts.

*Kenroy* was an action seeking to impose a constructive trust upon various defendants who engaged in a scheme of bribery to secure a rezoning of a particular parcel of land. Suit was not filed in that case until after the running of the statute of limitations, but the *Kenroy* plaintiffs argued that the limitations period was tolled by the discovery rule.

The *Kenroy* court ordered the imposition of the constructive trust, never mentioning the pleading requirements necessary to put the tolling provision into operation. *Kenroy*, therefore, never ruled as to what facts must be pled to invoke the provisions of the discovery rule. We decline to infer that *Kenroy* was meant to eradicate the basic rule that facts which indicate that the fraud was kept concealed, through confidence placed in the fiduciary, must be specifically pled in order to bring the discovery rule into play.

We recognize, however, that the appellate court in *Kenroy* dismissed plaintiffs' case, declining to invoke the provisions of the discovery rule because the plaintiffs never specifically alleged facts showing that the fraud was not discovered within the limitations period. (*Chicago Park District v. Kenroy, Inc.* (1978), 58 Ill. App. 3d 879, 888.) This fact, together with this court's silence on the subject, has created confusion regarding the state of the law concerning pleadings. In fact, the order of the trial court in the instant case stated, "By holding the section applicable, the [*Kenroy*] Court impliedly held that it was not necessary to plead section 22 [of the Limitations Act]."

In *McCaskill v. Barr* (1980), 92 Ill. App. 3d 157, the appellate court recognized the difficulties in preparing pleadings where a particular area of law is yet unsettled. *McCaskill* allowed the plaintiff leave to amend her complaint to conform with its rulings as to the state of the law.

We find this a fair method of handling this case. This is especially true here, where the trial court found, based upon the evidence produced at trial, that defendant had breached his fiduciary responsibility. A review of the evidence produced at trial indicates that there may be enough for plaintiffs to support allegations that the trust and confidence reposed in the defendant prevented the discovery of the cause of action. To allow the operation of the statute of limitations merely because the state of the law regarding tolling its operation was unclear would be manifestly inequitable.

For that reason, we remand this cause to the trial court for a determination of whether or not the statute of limitations was tolled, giving plaintiffs leave to amend their pleadings to allege facts specifically showing that the trust and confidence reposed in the defendant prevented plaintiffs from discovering the fraud sooner. In the interest of fairness, this is the only result to be reached.

For the foregoing reasons, the judgments of the appellate and circuit courts are reversed and the cause is remanded to the circuit court of Menard County with directions.

*Appellate court reversed;*
*circuit court reversed;*
*cause remanded with directions.*