(Nos. 86938, 86941 cons.—

TERESA CLAY, Appellee, v. BROTHER RICHARD
KUHL *et al.*, Appellants.

*Opinion filed January 21, 2000.—Rehearing denied April 3, 2000.*

Julie L. Trester and Ronald J. Sutter, of Querrey & Harrow, Ltd., of Chicago, for appellant Brother Richard Kuhl.

Cremer, Kopon, Shaughnessy & Spina, of Chicago (Andrew Kopon, Jr., and Michael A. Airdo, of counsel), for appellant Society of the Missionaries of the Sacred Heart.

Joseph G. Klest, of Schaumburg (Kevin E. Bry, of Franklin Park, of counsel), for appellee.

Karen L. Kendall, Brad A. Elward, Craig L. Unrath, Timothy L. Bertschy and Patricia M. Gibson, of Heyl, Royster, Voelker & Allen, of Peoria, for *amicus curiae* Illinois Association of Defense Trial Counsel.

Thomas A. Pavlinic, of Annapolis, Maryland, for *amicus curiae* False Memory Syndrome Foundation.

Cynthia Grant Bowman, of Chicago (Elizabeth Mertz, of counsel), for *amici curiae* Alliance for the Rights of Children *et al.*

JUSTICE MILLER delivered the opinion of the court:

The plaintiff, Teresa Clay, brought the present action in the circuit court of Kane County, alleging that defendant Brother Richard Kuhl sexually abused her while she was a minor. The plaintiff also asserted that the religious order to which Brother Kuhl belonged—defendant Society of the Missionaries of the Sacred Heart—had notice of similar misconduct allegedly committed by Kuhl yet failed to take any steps to prevent the abuse charged here from occurring. The circuit court dismissed the action on motion of the defendants, agreeing with the defendants that the plaintiff's complaint was untimely. The appellate court reversed and remanded the cause for further proceedings. 301 Ill. App. 3d 694. We allowed the defendants' petitions for leave to appeal (177 Ill. 2d R. 315(a)), and we now reverse the judgment of the appellate court and affirm the judgment of the circuit court.

The plaintiff initiated the present action by filing a complaint in the circuit court of Kane County on January 10, 1996. The allegations relevant here are found in the plaintiff's third amended complaint. According to the third amended complaint, Brother Richard Kuhl befriended the plaintiff, her sister, Joell, and their mother and, in 1972 or 1973, began to molest the plaintiff and Joell; the plaintiff was born on March 31, 1964. The plaintiff alleged that the abuse occurred about one or two times a week and continued for approximately seven years. According to the plaintiff's third amended complaint, Kuhl "would try to make [the plaintiff] touch his penis and he would penetrate her vagina with his fingers, while he was masturbating." The plaintiff estimated that some 900 separate incidents of abuse occurred during that period. The third amended complaint further alleged that the plaintiff was examined by a psychologist, Dr. Susan Phipps Yonas, who suggested that the plaintiff,

like other victims of childhood sexual abuse, had not been able to realize the causal relationship between the abuse she suffered and subsequent psychological problems she experienced. The plaintiff alleged that it was not until June 1994 that she realized that Kuhl's misconduct caused her injuries. Counts I and II were directed against Kuhl; count I alleged that his acts constituted battery, and count II alleged that his conduct was negligent or reckless. Count III, against Kuhl's religious order, the Society of the Missionaries of the Sacred Heart, alleged that the Society was aware that Kuhl had engaged in similar misconduct with another girl and that it was negligent or reckless in failing to prevent the abuse from occurring in this case.

The defendants moved to dismiss the plaintiff's action under section 2—619(a)(5) of the Code of Civil Procedure, arguing that the matter was barred by the applicable statute of limitations. 735 ILCS 5/2—619(a)(5) (West 1996). The defendants maintained that the time for bringing the present action expired on March 31, 1984, when the plaintiff turned 20. The defendants reasoned that the instances of misconduct alleged here were sudden, traumatic events and that the plaintiff therefore should have been required to bring her action within two years of the time she reached the age of majority. See 735 ILCS 5/13—211 (West 1996). The trial court granted the defendants' motions, concluding that the plaintiff's action was untimely. The trial court relied on the appellate court's opinion in *M.E.H. v. L.H.*, 283 Ill. App. 3d 241 (1996), *aff'd on other grounds*, 177 Ill. 2d 207 (1997), which had characterized occurrences of child sexual abuse, for purposes of the statute of limitations, as sudden, traumatic events that triggered the running of the limitations period once the victim of the abuse attained majority.

The plaintiff appealed. The appellate court reversed

and remanded, concluding that the action was not barred by the statute of limitations. 301 Ill. App. 3d 694. The court disagreed with its earlier decision in *M.E.H.* and expressed the view that the discovery rule should apply in cases of repressed memories of sexual abuse. The court viewed the present action as one involving repressed memories of abuse. The court concluded that the action was timely, noting that the plaintiff's third-amended complaint "alleged that in June 1994 she first realized that the sexual encounters with Brother Kuhl caused her injuries" and that the plaintiff commenced the action in January 1996. 301 Ill. App. 3d at 704. The appellate court declined to consider a further contention by the defendants, who questioned whether the case actually involved a claim of repressed memory. Construing this argument as simply an objection to the sufficiency of the pleadings, the appellate court did not believe that it was appropriate to address the challenge, given the procedural posture of the case. 301 Ill. App. 3d at 704. We allowed the defendants' separate petitions for leave to appeal. 177 Ill. 2d R. 315(a). We granted leave to a number of organizations to file *amicus* briefs in behalf of the parties. 155 Ill. 2d R. 345.

We note that this action was originally consolidated in the appellate court with another case making similar allegations against the same defendants. While the appeals were pending before this court, the plaintiff in the other case, Josefa Ferrer, reached a settlement agreement with the defendants, and Ferrer's case has been dismissed. We have accordingly limited our discussion to the remaining case, involving plaintiff Clay.

The defendants argue that the plaintiff's action was barred within two years of the time when she reached the age of 18, as provided by statute. 735 ILCS 5/13—211 (West 1996) (if plaintiff is a minor when cause of action accrues, then "he or she may bring the action within 2

years after the person attains the age of 18 years"). The plaintiff was born in 1964, and under the defendants' reasoning the present action would have been barred in 1984. In the alternative, the defendants contend that, even if the common law discovery rule does apply in this case, the plaintiff's action must still be considered untimely, for she knew of her injury and cause of action long before she finally brought suit. The plaintiff, in response, argues that the common law discovery rule applies in these circumstances and, moreover, that the allegations in her complaint demonstrate that she brought suit within two years of the time she discovered the injury.

We need not determine in this case whether the instances of childhood sexual abuse alleged here must be considered "sudden traumatic events" for purposes of applying the statute of limitations. Even if the plaintiff were to prevail on this question, she would still be required to establish the timeliness of her action under the discovery rule. As we explain below, we do not believe that the discovery rule is of assistance to the plaintiff.

The plaintiff contends that application of the discovery rule is necessary in this case, given the allegations in the complaint that she did not realize the existence of her injury until much later. Under the discovery rule, a party's cause of action accrues when the party knows or reasonably should know of an injury and that the injury was wrongfully caused. *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 415 (1981); *Nolan v. Johns-Manville Asbestos*, 85 Ill. 2d 161, 171 (1981); *Witherell v. Weimer*, 85 Ill. 2d 146, 156 (1981). The limitations statute applicable here would be found in section 13—202 of the Code of Civil Procedure, which provides a two-year period for bringing actions for personal injuries. 735 ILCS 5/13—202 (West 1996). We note that the legislature later enacted a statute, section 13—202.2 of the Code of Civil Procedure,

codifying the common law discovery rule for actions involving childhood sexual abuse. 735 ILCS 5/13—202.2 (West 1996). That provision took effect in 1991. The plaintiff correctly concedes that if her action was already barred under the common law discovery rule prior to the enactment of section 13—202.2, then the new statute could not have revived it; under Illinois law, the barring of an action by a statute of limitations creates a vested right in favor of the defendant, and the action cannot later be revived. See *M.E.H. v. L.H.*, 177 Ill. 2d 207, 215 (1997); see also *Henrich v. Libertyville High School*, 186 Ill. 2d 381, 404-05 (1998) (supplemental opinion upon denial of rehearing). Accordingly, we have no occasion here to consider the operation or application of section 13—202.2.

· The plaintiff, in her third amended complaint, alleged that it was not until June 1994 that she "realized that the sexual encounters with [Kuhl] had caused her injuries." The plaintiff further alleged that "the abuse was not caused by force or violence and the injuries were not caused immediately but evolved with the overlay of life experience. At the time the abuse occurred, she did not know it was abnormal behavior." The third amended complaint also stated that a psychologist who had examined the plaintiff reached the following conclusion:

" 'Because of the particular circumstances of Teresa Clay's early life and the nature of the abuse perpetrated by Richard Kuhl, there is good reason to believe that she was unable to comprehend that the tragic course that her life was on, until quite recently, was, at least in part, due to what the priest did to her.' "

The issue whether an action was brought within the time allowed by the discovery rule is generally resolved as a question of fact. *County of Du Page v. Graham, Anderson, Probst & White, Inc.*, 109 Ill. 2d 143, 153-54 (1985); *Nolan*, 85 Ill. 2d at 171. The question may be determined as a matter of law, however, when the answer

is clear from the pleadings. *Witherell v. Weimer*, 85 Ill. 2d 146, 156 (1981); *Franke v. Geyer*, 209 Ill. App. 3d 1009, 1012 (1991). We believe that the circumstances alleged in this case allow this issue to be resolved as a matter of law.

Examining the plaintiff's third amended complaint, we conclude that the present action is untimely under the discovery rule. In the present case, the allegations of the plaintiff's complaint make it clear that the plaintiff had sufficient information about her injury and its cause to require her to bring suit long before the date of discovery alleged in the complaint. The plaintiff does not argue that she repressed her memories of the abuse, and the allegations in the complaint indicate that the plaintiff was aware of the abuse as it occurred. From the chronology set forth in the third amended complaint, it appears that the abuse began when the plaintiff was eight or nine years old, and that it continued for about seven years, until the plaintiff was 15 or 16. Parenthetically, it should be noted that the plaintiff at one point alleges that the abuse commenced when she was four or five years old; in a later document in the circuit court, however, the plaintiff refers to that allegation as a typographical error. The plaintiff reached the age of majority in 1982. She did not bring the present action until 1996, when she was nearly 32 years old. Given the allegations in the third amended complaint, which show that the plaintiff was always aware of the misconduct charged, and the absence of any contrary assertion that the plaintiff repressed memories of the abuse, we believe that the plaintiff's action must be considered untimely under the discovery rule. We make no determination here whether the discovery rule would toll the running of the limitations period in a case alleging repressed memories of abuse. See *Johnson v. Johnson*, 701 F. Supp. 1363 (N.D. Ill. 1988) (applying discovery rule in case alleging delayed recollection of childhood sexual abuse).

The plaintiff contends, however, that her injuries were latent to some extent and did not fully manifest themselves until years after the abuse occurred. We do not believe that the plaintiff's alleged failure to fully discover the nature of her injuries is sufficient to delay the running of the limitations period. There is no requirement that a plaintiff must know the full extent of his or her injuries before suit must be brought under the applicable statute of limitations. This court addressed a similar question in *Golla v. General Motors Corp.*, 167 Ill. 2d 353 (1995). In that case, the plaintiff was injured in an automobile accident on September 3, 1985, and she obtained medical treatment that day. Later, in March 1988, she was diagnosed as having reflex sympathetic dystrophy, which she believed was caused by the earlier accident. The plaintiff brought an action against the manufacturer of the car in which she was injured on August 7, 1989, more than two years after the occurrence. This court agreed with the defendant that the action was untimely. The court concluded that the plaintiff was required to bring suit within two years of the date of the accident, even though she was not aware of the additional ailment until after the limitations period expired. The *Golla* court explained:

> "This court has never suggested that plaintiffs must know the full extent of their injuries before the statute of limitations is triggered. Rather, our cases adhere to the general rule that the limitations period commences when the plaintiff is injured, rather than when the plaintiff realizes the consequences of the injury or the full extent of her injuries." *Golla*, 167 Ill. 2d at 364.

Notably, Illinois law presumes an intent to harm and a resulting injury from the type of misconduct allegedly committed by Kuhl. *Doe v. Montessori School*, 287 Ill. App. 3d 289, 297 (1997); *Scudder v. Hanover Insurance Co.*, 201 Ill. App. 3d 921, 928-29 (1990). Thus, it was not necessary that the plaintiff postpone the commencement

of her action until she was aware of the full extent of her injuries.

In further support of her argument for delayed discovery of the injury, the plaintiff compares the present case to tort actions arising from exposure to asbestos. This court has applied the discovery rule in those cases, permitting plaintiffs to bring suit long after they were exposed to the substance. See, *e.g.*, *Nolan v. Johns-Manville Asbestos*, 85 Ill. 2d 161 (1981). The plaintiff maintains that the injuries she incurred as a consequence of Kuhl's alleged misconduct were, like those caused by exposure to asbestos, slow to develop and unknowable at the time of the occurrence. We do not agree.

We believe that there are substantial distinctions between cases involving exposure to asbestos or other dangerous substances, in which the risk of harm is not immediately apparent, and cases involving events that give rise to an immediate awareness of injury. In rejecting a similar contention, this court in *Golla* explained:

"In those cases, the plaintiffs did not discover that they suffered *any* injury until long after the tortious conduct occurred. Application of the discovery rule in such cases was necessary to prevent the unfairness of charging the plaintiff with knowledge of facts which were 'unknown and inherently unknowable.' *Urie v. Thompson* (1949), 337 U.S. 163, 169, 93 L. Ed. 1282, 1292, 69 S. Ct. 1018, 1024; see generally W. Keeton, Prosser & Keeton on Torts § 30, at 165-67 (5th ed. 1984).

In this case, on the other hand, the plaintiff knew that she suffered injuries at the time of the accident. She does not contend that her immediate injuries were not compensable. In fact, she tacitly admits that she could have filed suit for such injuries, related medical expenses and pain and suffering within the limitations period. Thus, the present case involves, not a plaintiff who failed to discover *any* injury, but a plaintiff who failed to discover the full extent of her injuries before the statute of limitations expired. There is no requirement that a plaintiff must discover the full extent of her injuries before the statute of limitations

begins to run. Because the plaintiff knew or should have known at the time of the accident both that she was injured and that the injury may have been wrongfully caused, the limitations period commenced at that time." (Emphasis in original.) *Golla*, 167 Ill. 2d at 367.

We believe that a similar result must obtain here. The plaintiff does not contend that she repressed memories of the abuse allegedly committed by Kuhl, or that she was not aware that his misconduct was harmful. Rather, the plaintiff asserts that she did not discover, until years later, the full extent of the injuries she allegedly sustained as a result of the childhood occurrences. As the court determined in *Golla*, however, a plaintiff's failure to learn the full extent of the injuries caused by the defendant's acts will not toll the statute of limitations. Accepting the plaintiff's argument in support of delayed discovery of the injury would improperly create a subjective standard by which accrual of a cause of action would have to be measured.

The plaintiff briefly raises two other theories in opposition to the statute of limitations defense. First, the plaintiff argues that the present matter is similar to cases involving fraudulent concealment, for here Kuhl allegedly used his position of trust and authority to abuse the plaintiff and to secure her silence. We do not agree. Under Illinois law, the fraudulent concealment will toll the statute of limitations if the plaintiff pleads and proves that fraud prevented the discovery of the cause of action. 735 ILCS 5/13—215 (West 1996). As a general matter, one alleging fraudulent concealment must "show affirmative acts by the fiduciary designed to prevent the discovery of the action." *Hagney v. Lopeman*, 147 Ill. 2d 458, 463 (1992). The plaintiff in the present case does not allege, however, that Kuhl attempted to conceal the cause of action from her, and thus we conclude that fraudulent concealment is of no assistance to the plaintiff in this case.

The plaintiff also argues in favor of the equitable tolling of the limitations period here, contending that she failed to discover the cause of action during her minority because of Kuhl's actions in selecting victims who would remain silent and in leading them to believe that his behavior was acceptable. Equitable tolling of a statute of limitations may be appropriate if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way, or if the plaintiff has mistakenly asserted his or her rights in the wrong forum. *Ciers v. O.L. Schmidt Barge Lines, Inc.*, 285 Ill. App. 3d 1046, 1052 (1996). We do not believe that the present action is one in which equitable tolling is proper. The plaintiff does not contend that, after the alleged abuse ceased and she reached the age of majority, Kuhl misled her or otherwise attempted to prevent her from asserting her rights in a timely manner.

Finally, the plaintiff asks that the cause be remanded so that she can further amend her complaint, if the statute of limitations is found to bar the present action. The plaintiff contends that further attempts to amend the complaint in the circuit court would have been futile, for the appellate court's opinion in *M.E.H. v. L.H.*, 283 Ill. App. 3d 241 (1996), *aff'd on other grounds*, 177 Ill. 2d 207 (1997), then the controlling authority, characterized all instances of childhood sexual abuse as sudden traumatic events for statute of limitations purposes. We note that the appellate court decided that case after the plaintiff had already commenced the present action; moreover, even in the face of that decision, the plaintiff later amended her complaint to add allegations in support of her delayed discovery of her injury. The plaintiff does not suggest what further allegations might be made in support of her action, and we do not believe that remandment is appropriate or would be helpful in these circumstances.

For the reasons stated, the judgment of the appellate court is reversed, and the judgment of the circuit court of Kane County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

JUSTICE RATHJE took no part in the consideration or decision of this case.

JUSTICE FREEMAN, dissenting:

The majority affirms the trial court's dismissal with prejudice of plaintiff's third amended complaint. I disagree with this result. Under the discovery rule, as the majority correctly states, a party's cause of action does not accrue for limitations purposes until the party "knows or reasonably should know of an injury and that the injury was wrongfully caused." 189 Ill. 2d at 608 (citing, *inter alia, Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 415 (1981)). The majority acknowledges that the issue of whether an action has been brought within the time allowed by the discovery rule should ordinarily be resolved as a question of fact. 189 Ill. 2d at 609. However, the majority concludes that in this case the pleadings establish that plaintiff's suit is untimely as a matter of law. 189 Ill. 2d at 610.

Although the majority never states whether plaintiff actually "knew" or merely "reasonably should have known" before January 1994 that she had sustained a wrongfully caused injury, either conclusion would be suspect in light of the allegations contained in the third amended complaint. Plaintiff explicitly stated that she did not incur any physical harm from Kuhl's sexual abuse, nor did she realize until June 1994 that her childhood molestation had caused her any psychological harm. The complaint also contains the allegation that Susan Phipps Yonas, Ph.D., a licensed psychologist who had examined the plaintiff, was of the opinion that many

victims of childhood sexual abuse were unaware that such abuse had caused them psychological problems. The complaint further alleged that Yonas believed that plaintiff may have been "unable" to comprehend any link between the apparently destructive path her life was on and the abuse she had suffered as a child. In light of these allegations, it is difficult to comprehend how the majority can conclude as a matter of law that plaintiff knew or should have known that she had been injured and that the injury was wrongfully caused. If the majority's objection is to the lack of a specific allegation as to when plaintiff first became aware that she had some degree of psychological dysfunction, the proper course would seem to be to allow plaintiff to replead, rather than dismissing the case with prejudice.

The cornerstone, if not the entire edifice, of the majority's analysis is *Golla v. General Motors Corp.*, 167 Ill. 2d 353 (1995). See 189 Ill. 2d at 611-13. *Golla* was a case in which an automobile driver was involved in an accident in September 1985. It was conclusively established that plaintiff sustained physical injuries in the accident of which she was aware at the time. She did not file suit until August 1989, after the relevant limitations period had expired. Plaintiff argued that her suit was nevertheless timely because she had not become aware of the *extent* of her injuries until March 1988. This court rejected plaintiff's argument and affirmed the circuit court's grant of summary judgment to defendant. We held that there was

> "no requirement that a plaintiff must discover the full extent of her injuries before the statute of limitations begins to run. Because the plaintiff knew or should have known at the time of the accident both that she was injured and that the injury may have been wrongfully caused, the limitations period commenced at that time." *Golla*, 167 Ill. 2d at 367.

I believe the majority's reliance on *Golla* is misplaced.

First, this case should not be governed by the "sudden, traumatic event" rule. Although the majority disclaims having answered this question (189 Ill. 2d at 608), *Golla* is a case in which the "sudden, traumatic event" rule was clearly applied. *Golla*, 167 Ill. 2d at 362-63. *Golla* expressly characterized its holding as follows:

"when a plaintiff sustains an immediate personal injury *as a result of a sudden, traumatic event*, such as the car accident in this case, the statute of limitations begins to run at the time of the accident. The limitations period is not tolled and does not begin anew simply because a latent injury may arise from the same traumatic event." (Emphasis added.) *Golla*, 167 Ill. 2d at 371-72.

Accordingly, unless this case involves a "sudden, traumatic event," the majority's reliance on *Golla* is misplaced.

Our appellate court has succinctly explained the difference between "sudden, traumatic event" cases and cases involving "disease":

"The essential question is the same in both instances, *i. e.*, when was or should have plaintiff been aware of a right to sue; however, the limitations period begins to run at a different time under each line of cases, depending upon the nature of the injury. 'Traumatic injury' cases involve situations where the injury is such that the plaintiff knows or should know that someone may be legally responsible for it. [Citations.] Thus in 'traumatic injury' cases, the limitations period commences when a plaintiff learns of his injury. [Citations.]

'Disease' cases, on the other hand, involve injuries which do not themselves put the plaintiff on notice that someone may be legally at fault. In 'disease' cases the limitations period does not commence when the plaintiff learns of his injury, but only after the plaintiff 'knows or has reason to know that he or she has a physical problem and also that someone is or may be responsible for it.' " *Witherell v. Wei-*

*mer*, 77 Ill. App. 3d 582, 587 (1979), *aff'd in part & rev'd in part*, 85 Ill. 2d 146 (1981).[1]

*Golla* reaffirmed that a distinction must be drawn between "sudden, traumatic event" cases and cases involving "nontraumatic" events, and that in the latter type of case the discovery rule must toll the limitations period "until the plaintiff either knew or reasonably should have known that he was injured and that the injury was wrongfully caused." *Golla*, 167 Ill. 2d at 366. See also *Hutson v. Hartke*, 292 Ill. App. 3d 411, 415 (1997), stating:

> "In some types of cases, the awareness of a physical problem carries with it the awareness of a wrongful causation, and the running of the limitations period begins. In some cases, a person may have the knowledge of a physical problem without the knowledge of any 'wrongful cause.' In such cases, the limitations period does not begin to run until a reasonable person would or should know of a wrongful cause."

I am a layman with respect to matters psychological, but I would suggest that it is uncontroversial that psychological dysfunction can occur *without* an outside causative agent. Accordingly, I believe it is improper to hold as a matter of law that a plaintiff's awareness of any psychological distress automatically puts him on notice that his distress may potentially have an external causative agent, therefore starting the limitations clock running.

More fundamentally, however, even if this case were governed by the sudden, traumatic event rule, basing our result on *Golla* puts the cart before the horse. *Golla*

---

[1]Although this court overruled the appellate court on the ultimate question as to whether the plaintiff's complaint was timely, finding that plaintiff was in possession of sufficient facts to have been put on notice that her condition may have been externally caused, we did not reject the appellate court's explanation of the difference between disease and injuries caused by sudden, traumatic events. See *Witherell*, 85 Ill. 2d at 156-58.

stands for the proposition that in sudden, traumatic event cases the limitations period begins to run when the plaintiff first becomes aware of any injury. But this begs the threshold question, *i.e.*, When did the plaintiff first become aware of her injury? The majority's analysis of this question in this case amounts to nothing more than a conclusion: "the allegations of the plaintiff's complaint make it clear that the plaintiff had sufficient information about her injury and its cause to require her to bring suit long before the date of discovery alleged in the complaint." 189 Ill. 2d at 610. There is no factual basis for this conclusion. In the complaint plaintiff explicitly states that Kuhl's molestation caused her no contemporaneous physical injury and that her psychological injuries did not develop until later in her life. There is no indication in the complaint as to when plaintiff's psychological injuries in fact arose or when she became aware of them, but plaintiff did specifically allege that until June 1994 she was unaware of the link between her psychological injury and the abuse she alleges she endured as a child. These statements must be taken as true for purposes of a motion to dismiss. *Carver v. Nall*, 186 Ill. 2d 554, 556 (1999); *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 184 (1997). Moreover, the statement of Yonas suggests that it is common for victims of childhood molestation to be unaware of psychological problems resulting therefrom. How, then, does the majority conclude that plaintiff knew or reasonably should have known of her injuries and that her injuries were wrongfully caused before January 1994?

The majority several times notes that plaintiff does not contend that she repressed her memories of the abuse. Although the majority does not explicitly so state, the implication seems to be that awareness of childhood sexual abuse is tantamount to awareness of injury—that if one is aware of having been sexually abused, one *must*

be aware that one was psychologically injured thereby. I cannot endorse so broad a statement as a matter of law, especially in light of the factual contentions *directly to the contrary* in the complaint. A number of jurisdictions have held that even in the absence of repressed memory claims the discovery rule tolls the statute of limitations in childhood sexual abuse cases until the plaintiff becomes aware of his or her injuries and the causal link between the injuries and the past events. See, *e.g.*, *Dunlea v. Dappen*, 83 Haw. 28, 924 P.2d 196 (1996); *Frideres v. Schiltz*, 540 N.W.2d 261 (Iowa 1995); *Cosgriffe v. Cosgriffe*, 262 Mont. 175, 864 P.2d 776 (1993); *Osland v. Osland*, 442 N.W.2d 907 (N.D. 1989); *McCreary v. Weast*, 971 P.2d 974 (Wyo. 1999). But see *Doe v. First United Methodist Church*, 68 Ohio St. 3d 531, 629 N.E.2d 402 (1994) (discovery rule inapplicable in childhood sexual abuse cases in which plaintiff knows his or her attacker and does not raise a claim of repressed memory). Some other cases which have affirmed limitations-based dismissals have done so because it was clearly established that before filing the complaint the plaintiff was aware of past abuse, psychological injury, and the possibility of some relationship between the injury and the abuse. See, *e.g.*, *Woodroffe v. Hasenclever*, 540 N.W.2d 45 (Iowa 1995). There is no basis for such a conclusion in the allegations of the third amended complaint in the instant case.

I see no reasoned distinction between this case and cases involving toxic exposure, in which the discovery rule tolls the statute of limitations until the plaintiff realizes or should realize that a past event has harmed him. See, *e.g.*, *Nolan v. Johns-Manville Asbestos*, 85 Ill. 2d 161, 169-71 (1981). The toxic exposure cases are not based on "repressed memory" of the event which caused the injury—the plaintiff in *Nolan* had worked with asbestos products for over 32 years. Rather, the timeliness of the filing of such cases is evaluated according to

the date on which the plaintiff "knows or reasonably should know of an *injury and* also knows or reasonably should know *that the injury was caused by the wrongful acts of another.*" (Emphasis added.) *Nolan,* 85 Ill. 2d at 169. The mere fact that a plaintiff remembers the event which is ultimately found to have caused his injury does not necessarily impute awareness of a link between the event and the injury. If it did, the complaint would have been untimely in *Nolan,* in which the plaintiff was always aware that he had worked with asbestos and was aware of physical problems as early as 18 years before filing his complaint. See *Nolan,* 85 Ill. 2d at 163-64. Why should a plaintiff irrebuttably be imputed awareness of a causative link between a past event and a current psychological ailment when our past precedent holds that plaintiffs are not automatically imputed awareness of a relationship between a past event and a current *physical* ailment?

The only support marshaled by the majority is two cases which it cites for the proposition that there exists a legal presumption of an intent to harm and a resulting injury from the type of acts plaintiff alleges Kuhl to have committed. See 189 Ill. 2d at 611 (citing *Doe v. Montessori School,* 287 Ill. App. 3d 289, 297 (1997), and *Scudder v. Hanover Insurance Co.*, 201 Ill. App. 3d 921, 928-29 (1990)). But this presumption does not constitute a basis for imputing to the plaintiff knowledge that she had been psychologically injured by the sexual abuse she had suffered as a child. To so hold would turn *Doe* on its head. In *Doe,* defendants argued that the complaint (filed by the victim's parents during her minority) should have been dismissed as unripe because the victim did not remember the events which allegedly caused her injury. See *Doe,* 287 Ill. App. 3d at 298-99. Far from utilizing the presumption to impute awareness to the victim, however, the *Doe* court relied on the presumption to conclude that the case was ripe because the victim had been injured

even though the victim was *not aware* of her injury. The question in the instant case is not whether the victim was injured by her childhood molestation, but when she became or should have become aware of that injury and its wrongful cause. *Scudder*, the other case cited by the majority, involved a determination whether an insurer had a duty to defend or indemnify its insured against a claim that he had molested four juveniles. The *Scudder* court held that because injury was "practically certain" to result from a sexual assault, the acts allegedly committed by the insured fell within a policy exclusion for injuries " 'expected or intended by the insured,' " such that summary judgment in favor of the insurer was proper. *Scudder*, 201 Ill. App. 3d at 926, 928-29. See also *West American Insurance Co. v. Vago*, 197 Ill. App. 3d 131, 137 (1990). *Scudder* did not involve any question whether the plaintiffs were aware of their injuries. Neither *Doe* nor *Scudder* supports the majority position.

To paraphrase an earlier case, if the plaintiff were barred from prosecuting this action because she must be said, as a matter of law, to have been psychologically injured prior to January 1994, she would have had only a delusive remedy against defendants. It would mean that at some past moment in time, unknown and inherently unknowable even in retrospect, plaintiff was charged with knowledge of the slow and tragic disintegration of her mind. Under this view her failure to diagnose within the applicable statute of limitations a mental disease of whose symptoms she may not even have been conscious would constitute waiver of her right to compensation at the ultimate day of discovery and disability. See *Nolan*, 85 Ill. 2d at 168, quoting *Urie v. Thompson*, 337 U.S. 163, 169, 93 L. Ed. 1282, 1292, 69 S. Ct. 1018, 1024 (1949). With this result I cannot concur, and I respectfully dissent.

CHIEF JUSTICE HARRISON joins in this dissent.