JUSTICE SPOMER, dissenting: I respectfully dissent. In so doing, I recognize that the equities in this case overwhelmingly favor the plaintiff and that the defendant’s conduct was egregious and contributed to the harm that the plaintiff has suffered. However, my review of Illinois law as it applies to the facts of this case compels a conclusion that the plaintiffs claims were time-barred in 1991 when the plaintiff reached the age of 30. At that time, the statute of repose applicable to childhood sexual abuse cases was “12 years after the date on which the person abused attains the age of 18 years.” Ill. Rev. Stat. 1991, ch. 110, par. 13 — 202.2(b). As the Illinois Supreme Court has made clear, this statute of repose applies to claims arising from alleged misconduct of the Diocese to the same extent that it applies to the claims against the priest who perpetrated the abuse. Doe A. v. Diocese of Dallas, 234 Ill. 2d 393, 412-13 (2009). In addition, the due process clause of the Illinois Constitution prohibits claims that were once time-barred from being revived through the subsequent legislative action of the Illinois General Assembly that has since repealed the statute of repose. Doe A., 234 Ill. 2d at 411-12. Realizing this and in an attempt to toll the statute of repose, the plaintiff has raised the doctrines of fraudulent concealment, equitable tolling, and equitable estoppel. All three of these defenses to the statute of repose require that acts on the part of the defendant, or omissions, in the case of fraudulent concealment where a fiduciary or special relationship is shown, prevent the plaintiff from discovering his cause of action. See Clay v. Kuhl, 189 Ill. 2d 603, 613-14 (2000) (reciting the elements of fraudulent concealment and equitable tolling); see also Orlak v. Loyola University Health System, 228 Ill. 2d 1, 22 (2007) (equitable estoppel requires that the defendant’s conduct or representations cause the plaintiff to delay filing suit). Whether or not the plaintiff can be said to have had a special relationship with the Diocese, I believe that Illinois law in effect at the time that the statute of repose expired prohibited a finding that acts or omissions by the Diocese prevented the plaintiff from discovering his claim. As further discussed below, Illinois law presumed an injury at the time the sexual abuse occurred, and, under Illinois law, the plaintiff had sufficient knowledge to investigate and prosecute potential claims against the defendant prior to the expiration of the statute of repose in 1991. First, prior to the Illinois General Assembly’s recent amendment to the statute of limitations, which provides that “[k]nowledge of the [childhood sexual] abuse does not constitute discovery of the injury or the causal relationship between any later-discovered injury and the abuse” (735 ILCS 5/13 — 202.2(b) (West 2008)), the law in Illinois was quite the opposite. As recognized by the Illinois Supreme Court in Clay, prior to the aforementioned enactment, Illinois law presumed “an intent to harm and a resulting injury” from sexual abuse. (Emphasis added.) Clay, 189 Ill. 2d at 611. As in Clay, the plaintiff in the case at bar testified that he did not repress his memories of the sexual abuse. Clay, 189 Ill. 2d at 613. He always remembered that he was abused, that the abuse was harmful, that Kownacki was his abuser, and that Kownacki was a representative of the Diocese. Because Illinois law presumed some injury from childhood sexual abuse at the time of the occurrence, the misconduct of the Diocese in concealing its knowledge of Kownacki’s abuse of other children, before, after, and including the plaintiff, could not have prevented the plaintiff from discovering that he was injured. The plaintiff might not have known the extent of his injuries at that time, but Illinois law presumed immediate injury from the act of the sexual abuse itself, and the plaintiff does not deny knowledge of the abuse. See Clay, 189 Ill. 2d at 613. Second, although the plaintiff might not have had actual knowledge regarding the role the Diocese played in knowingly allowing Kownacki to be involved with children in the various parishes, he knew that Kownacki was a representative of the Diocese. Thus, he had sufficient knowledge of the possibility of negligence on the part of the Diocese to at least investigate its role. However, the plaintiff, at no time prior to 1991, undertook to investigate the role of the Diocese in Kownacki’s sexual abuse of him. Had the plaintiff undertaken an investigation and inquired of the Diocese, by means of discovery or otherwise, as to its role, he might have uncovered the facts that give rise to his current causes of action. Having not done so, he cannot now establish that acts or omissions on the part of the Diocese prevented him from discovering the nature of the Diocese’s misconduct prior to 1991. Because the plaintiff cannot establish that the Diocese prevented him from discovering his causes of action prior to 1991, the plaintiffs causes of action were time-barred at that time under the then-applicable statute of repose and cannot be revived without running afoul of the due process clause of the Illinois Constitution. See Doe A., 234 Ill. 2d at 411-12. For these reasons, I must conclude that the circuit court erred when it denied the defendant’s motion for a summary judgment, when it denied the defendant’s motion for a directed verdict, and when it denied the defendant’s motion for a judgment notwithstanding the verdict.