NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 22, 2016[*]
Decided September 23, 2016

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-1341

VINCE DAVIS,
    *Plaintiff-Appellant*,

*v.*

CITY OF CHICAGO, et al.,
    *Defendants-Appellees*.

Appeal from the United States District
Court for the Northern District of Illinois,
Eastern Division.

No. 13-cv-08149

Charles P. Kocoras,
*Judge*.

**O R D E R**

Vince Davis, a former Chicago police officer, seeks to regain the job he lost in 1990. Davis brought this suit under 42 U.S.C. § 1983 principally claiming that the City of Chicago and a number of its employees used a falsified drug test to get him fired in retaliation for testifying against a police commander's son accused of robbery. Davis appended to his complaint hundreds of pages documenting his investigation into the company that tested his urine and his attempts throughout the 1990s to prove his

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

innocence. In a series of oral rulings, the district court dismissed the complaint as untimely and Davis appeals.

Davis argues that the two-year statute of limitations governing § 1983 claims arising in Illinois, *see O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015), does not bar his suit because the City fraudulently concealed evidence "about the harm that was done to him." Davis grounds this assertion on new evidence that, he argues, proves that the testing company never had a valid contract with the City so his failed drug test resulted from fraud.

The City counters that in addition to untimeliness, we may affirm the dismissal on the ground that Davis's lawsuit is precluded by two earlier suits against the City raising the same allegations—first in state court in 1995 and then in federal court in 1997. The City is wrong; under both federal and Illinois law, an earlier lawsuit cannot preclude a later action unless the parties are the same or in privity, *see Rose v. Bd. of Election Comm'rs*, 815 F.3d 372, 374 (7th Cir. 2016); *Bernstein v. Bankert*, 733 F.3d 190, 226 (7th Cir. 2012), and the individuals sued in this action for the first time are not the same as, or in privity with, the City, *see Conner v. Reinhard*, 847 F.2d 384, 395 (7th Cir. 1988) ("[C]ourts do not generally consider an official sued in his personal capacity as being in privity with the government"); *Kanfer v. Busey Tr. Co.*, 1 N.E.3d 61, 74 (Ill. App. Ct. 2013) ("A party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity.") (quotation marks omitted). The City wants us to conclude that the current defendants have been sued in their official capacity (making the City the only real defendant) even though Davis's complaint says nothing at all about official capacity. According to the City, "[t]his court ordinarily assumes that public officials named as defendants in section 1983 actions are sued in their official capacities," and thus the current defendants, as City employees, are in privity with the City. For this proposition the City cites *Kolar v. County of Sangamon*, 756 F.2d 564, 568 (7th Cir. 1985), but only a few years later in *Hill v. Shelander* we expressly disavowed the City's reading of *Kolar*, 924 F.2d 1370, 1373–74 (7th Cir. 1991) ("[I]n a suit where the complaint alleges the tortious conduct of an individual acting under color of state law, an individual capacity suit plainly lies, even if the plaintiff failed to spell out the defendant's capacity in the complaint."). And in *Miller v. Smith* we confirmed this "new regime" under which an official-capacity suit is presumed only when a plaintiff seeks injunctive relief from official policies. 220 F.3d 491, 494 (7th Cir. 2000) (observing that an official-capacity suit for damages makes no sense because it "would run headlong into

the 11th Amendment"). Davis's prior suits cannot shield the individual defendants, who are sued in their personal capacity and so are not in privity with the City.

Despite the absence of a preclusion defense, Davis's suit still is doomed. Reading his complaint generously, at best he has found additional evidence to bolster his contentions. But that does not allow him to circumvent the statute of limitations to complain of events that happened a quarter century ago. Davis accuses the defendants of fraudulently concealing information that, he says, will help prove his allegations of retaliation. But even if those allegations state a claim for relief under federal law, Davis has been making them since he was fired in 1990. And under Illinois law, *see* 735 ILL. COMP. STAT. 5/13-215, fraudulent concealment tolls the statute of limitations only when the plaintiff has been thwarted from discovering the *claim* itself, not pieces of evidence underlying the claim, *see Smith v. City of Chicago Heights*, 951 F.2d 834, 837–38 (7th Cir. 1992); *Henderson Square Condo. Ass'n v. Lab Townhomes, LLC*, 46 N.E.3d 706, 716 (Ill. 2015); *Clay v. Kuhl*, 727 N.E.2d 217, 223 (Ill. 2000). Moreover, Davis's assertion that only recently did he find enough information to sustain this suit is untenable given that he attached documents to his complaint showing that as a result of *his* fraud allegations, the City terminated its contract with the drug-testing company back in 1995.

AFFIRMED.