2021 IL App (2d) 210047-U
No. 2-21-0047
Order filed October 25, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| JANE COE, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 18-L-884 |
| | ) | |
| COMMUNITY HIGH SCHOOL DISTRICT | ) | |
| 99 and WILLIAM MILLER, | ) | Honorable |
| | ) | Robert W. Rohm, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Presiding Justice Bridges and Justice McLaren concurred in the judgment.

**ORDER**

¶ 1   *Held*: Trial court properly dismissed the plaintiff's complaint as being barred by the statute of limitations.

¶ 2   In 2018, the plaintiff, Jane Coe, filed a two-count complaint in the circuit court of Du Page County alleging that between 1996 and 1998, before she turned 18, the defendant, William Miller, a teacher for the defendant, Community High School District 99, sexually abused her. After allowing Coe to amend her complaint three times, the trial court ultimately dismissed her complaint as being barred by the applicable statute of limitations. Coe appeals from that order. We affirm.

¶ 3                                 I. BACKGROUND

¶ 4    On July 31, 2018, Coe filed an action pursuant to the Childhood Sexual Abuse Act (735 ILCS 5/13-202.2 (West 1994)) against the defendants. Coe subsequently amended her complaint three times and also filed her own affidavit in support of her allegations. The following facts are taken from her complaints and affidavit.

¶ 5    Coe (born on August 11, 1980) was a high school student at Downers Grove North (DGN) from 1994 to 1998. She was involved in high school theatrical productions while in high school. Miller, a music teacher and band director at DGN, would help supervise the students who were involved in the school theater and music productions. Coe trusted and respected Miller as an authority figure. Miller began spending significant time with Coe. He began inviting her to his home. At his home, Miller engaged in sexual acts with Coe. Miller warned her not to tell anyone about their relationship.

¶ 6    In November 2016, a former classmate approached Coe about her relationship with Miller, which caused Coe to have some memory of Miller's acts. In November 2017, she learned that other students had alleged that they were sexually abused by Miller while they attended DGN. Downers Grove police detectives contacted Coe in late 2017. Their questioning prompted her to recall memories of Miller's conduct and abuse.

¶ 7    After learning of these allegations from other possible victims and speaking with the police, Coe began discussing Miller and the sexual abuse during high school with her therapist. Through her discussions with her therapist, she realized that some of her memories of Miller were incomplete while others were missing completely. In talking with her therapist, she came to realize that Miller had injured her and that she was suffering from posttraumatic disorder.

¶ 8    The defendants filed motions to dismiss Coe's third amended complaint pursuant to section 2-615 and 2-619 of the Illinois Code of Civil Procedure (the Code) (735 ILCS 5/2-615, 2-619 (West 2018)), arguing that Coe failed to state a claim for willful and wanton conduct and that the claims were barred by the statute of limitations under section 13-202.2 of the Childhood Sexual Abuse Act (735 ILCS 5/13-202.2 (West 1994)) and section 2-201 of the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/2-201 (West 2018)).  Coe responded that the statute of limitations did not start to run until she discovered her injuries in 2016 and 2017.

¶ 9    On January 7, 2021, the trial court dismissed Coe's third amended complaint with prejudice, finding that it was time-barred under the Childhood Sexual Abuse Act.  In so ruling, the trial court pointed to Coe's affidavit in which she had stated:

> "After November 2017 I first began to realize that my memories of interactions and abuse by William Miller were incomplete in some instances."

The trial court explained that for the discovery rule to be applicable, Coe had to repress memories of all sexual contact with Miller.  However, because Coe indicated that "[s]he remembered at least something" about having a sexual relationship with Miller, the discovery rule was not applicable.

¶ 10    Coe thereafter filed a timely notice of appeal.

¶ 11                                  II.  ANALYSIS

¶ 12    Coe argues that the trial court erred in dismissing her complaint based on the statute of limitations.  She argues that her incomplete memories did not allow her to recognize that Miller had abused or her injured her.  Absent such knowledge, Coe insists that the statute of limitations did not begin to run until 2017 when she first began to realize that she had been injured.  She therefore maintains that her action was timely.

¶ 13    Section 2-619(a)(5) of the Code provides that a defendant may file a motion for dismissal of the action on the grounds that the action is untimely. 735 ILCS 5/2-619(a)(5) (West 2018). Ordinarily, the issue of when the statute of limitations begins to run under the discovery rule is one of fact, but when the answer is clear from the pleadings, we may decide this issue as a matter of law. *Doe v. Hastert*, 2019 IL App (2d) 180250, ¶ 30; *Softcheck v. Imesch*, 367 Ill. App. 3d 148, 156, (2006).  In reviewing a 2-619 motion, affidavits and other evidentiary matter that support the motion may also be considered. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 53. Although the trial court is required to construe facts in the light most favorable to the nonmovant, it is not required to make unreasonable inferences or ignore reasonable ones. *In re Estate of Frakes*, 2020 IL App (3d) 180649, ¶ 22.  Our review of a trial court's dismissal of a complaint pursuant to section 2-619 of the Code is *de novo*.  *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006).

¶ 14    In granting the defendants' motion to dismiss, the trial court found that Coe's action was barred by the statute of limitations.  The relevant statute of limitations provides:

> "An action for damages for personal injury based on childhood sexual abuse must be commenced within 2 years of the day the person abused discovers or through the use of reasonable diligence should discover that the act of childhood sexual abuse occurred and that the injury was caused by the childhood sexual abuse." 735 ILCS 5/13-202.2(b) (West 1998).

The statute further provides that the limitations period under subsection (b) does not begin to run until the victim of the abuse is 18 years old. 735 ILCS 5/13-202.2(d) (West 1998).

¶ 15    The defendants argue that Coe knew of the alleged abuse and knew or should have known that her injury was caused by the alleged abuse when it allegedly occurred between 1996 and 1998.

Therefore, according to the defendants, the limitations period expired in 2000 when Coe turned 20. In support, the defendants cite *Clay v. Kuhl*, 189 Ill. 2d 603 (2000), and *Parks v. Kownacki*, 193 Ill. 2d 164 (2000). In both *Clay* and *Parks*, the plaintiffs waited well over two years past the time of the abuse to file their complaints, but both plaintiffs claimed the benefit of the discovery rule. *Clay*, 189 Ill.2d at 607-08; *Parks*, 193 Ill. 2d at 173-74. Pursuant to the discovery rule, "a party's cause of action accrues when the party knows or reasonably should know of an injury and that the injury was wrongfully caused." *Clay*, 189 Ill. 2d at 608 (citing *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 415 (1981)).

¶ 16    In *Clay*, the plaintiff, who filed suit in 1996, admitted that she knew of the abuse at the time it occurred in the 1970s, but she did not realize that her " 'sexual encounters' " with the defendant had caused her later psychological injuries until June 1994. *Id.* at 605, 609. The supreme court held, however, that the application of the discovery rule did not save the plaintiff's complaint, which was otherwise untimely. *Id.* at 610. The court's decision rested on the fact that the plaintiff did "not argue that she repressed her memories of the abuse"; instead, she "was aware of the abuse at the time it occurred." *Id.* The court went on to hold that "Illinois law presumes an intent to harm and a resulting injury" from the "misconduct" committed by the defendant. *Id.* at 611; see also *Softcheck*, 367 Ill. App. 3d at 156 ("As a matter of law, adults are charged with the knowledge that sexual contact between 9- to 14-year-old boys and an adult is not only harmful and wrong but also that it results in injury."). Accordingly, the plaintiff's complaint was untimely because she knew both of the abuse (which was tantamount to knowing she was injured) and that her injury was wrongfully caused by the time she turned 18 in 1983, but she did not file suit until 14 years later. *Clay*, 189 Ill. 2d at 610-12. The supreme court emphasized that "it was not

necessary for the plaintiff to postpone the commencement of her action until she was aware of the full extent of her injuries." *Id.* at 611-12.

¶ 17    The supreme court reached the same conclusion in *Parks*. There, the plaintiff likewise alleged that, while she had not repressed memories of the abuse by her priest, she did not connect her post-traumatic stress disorder diagnosis with that abuse until over 20 years after the abuse ended. *Parks*, 193 Ill. 2d at 177. Moreover, she alleged that at the time the abuse was occurring, she did not know that the sexual relationship between her and her priest was wrong. *Id.* The supreme court, citing *Clay*, held that the discovery rule did not save the plaintiff's claims. *Id.* at 177-78. The court pointed out that, despite the plaintiff's allegations, her actions of reporting the abuse to her parents and a church leader demonstrated that she knew the defendant had wronged her. *Id.* at 177. Further, the plaintiff reasonably should have known that a portion of her injury— namely, the abortion the defendant forced her to obtain—was caused by the abuse. *Id.* at 177-78. The court concluded that the facts regarding plaintiff's knowledge were stronger than those in *Clay*. *Id.* at 178. The supreme court therefore affirmed the dismissal of the plaintiff's complaint as time-barred, holding that the "plaintiff's failure to understand the connection between the abuse and other injuries did not toll the statute of limitations." *Id.* at 178.

¶ 18    Both *Clay* and *Parks* stand for the proposition that the discovery rule does not toll the statute of limitations if the plaintiff is aware of the abuse when it occurred. *Clay*, 189 Ill. 2d at 610; *Parks*, 193 Ill. 2d at 177-78. Coe attempts to circumvent that rule by arguing that her "incomplete" memories did not allow her to recognize Miller's abuse of her. However, as the plaintiff acknowledged in her affidavit that her memories of the abuse were incomplete in some instances, the trial court could reasonably infer that she did have some memories of the abuse. This inference places this case squarely within *Clay* and *Parks*, such that the statute of limitations

begins to run even though the plaintiff does not know the full extent of her injuries. *Clay*, 189 Ill. 2d at 611-12; *Parks*, 193 Ill. 2d at 177-78. The trial court therefore properly dismissed the plaintiff's action as time barred.

¶ 19    Coe asks us to re-examine the presumption in *Clay* and *Parks* that knowledge of sexual abuse is equivalent to knowledge of injury proximately caused by that sexual abuse. Based on our supreme court holdings in *Clay* and *Parks*. That is an argument, however, that should be directed to the supreme court, not us. *Certain Underwriters at Lloyd's, London v. Reproductive Genetics Institute*, 2018 IL App (1st) 170923, ¶ 19 (quoting *Rosewood Care Center, Inc. v. Caterpillar, Inc.*, 366 Ill. App. 3d 730, 734 (2006)) ("this court is bound to follow the supreme court's precedent, and 'when our supreme court has declared law on any point, only [the supreme court] can modify or overrule its previous decisions, and all lower courts are bound to follow supreme court precedent until such precedent is changed by the supreme court' ").

¶ 20                                    III.   CONCLUSION

¶ 21    For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

¶ 22    Affirmed.