**David NELSON and Richard Price, Plaintiffs,**

v.

**SOTHEBY'S INC., a New York corporation, Defendant.**

**No. 00C1590.**

United States District Court, N.D. Illinois, Eastern Division.

Aug. 23, 2000.

David Nelson, Itasca, IL, plaintiff pro se.

Richard D Price, Jr, Itasca, IL, plaintiff pro se.

Michael J. Abernathy, Heidi Christine Yernberg Echols, Bell, Boyd & Lloyd, Chicago, IL, Sana Hakim, Stephen M. Komie & Associates, Chicago, IL, for Sotheby's, Inc., defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

David Nelson and Richard Price[1] filed this action alleging the conversion of a painting which Mr. Nelson gave to Sotheby's, Inc. ("Sotheby's") for sale in 1988 but was never sold and was not returned to him until eleven years later. I hold that the statute of limitations has run on the claim and grant Sotheby's motion to dismiss. However, I also grant the plaintiffs' request for leave to file an amended complaint within twenty-eight days of this order.

### I.

On November 9, 1988, Mr. Nelson delivered a painting by Giorgio de Chirico, entitled *Piazza del Italia*, to the Chicago office of Sotheby's, a New York corporation engaged in the sale and auction of fine art, for evaluation and possible sale. At the instruction of a Sotheby's art expert, the painting was shipped to Sotheby's New York office for such evaluation. On January 31, 1989, Mr. Nelson received a letter from Sotheby's stating that due to a conflicting claim of ownership by Carlo Binosi, Sotheby's would hold the painting until its ownership was resolved or Sotheby's found it necessary to initiate an interpleader action. Sotheby's further suggested that Mr. Nelson "discuss a resolution of this matter with Mr. Binosi" and gave a phone number and contact person. Mr. Nelson claims that since February 1989, he has continually and regularly called Sotheby's demanding the return of the painting, "but for reasons unknown and without further correspondence or justification," Sotheby's refused to return the painting.

Carlo Binosi sued Sotheby's and Mr. Nelson in Illinois state court in April 1989. This case was dismissed on June 3, 1993. Mr. Nelson claims he was never served any pleadings in that case and was unaware of it until very recently. He claims that Sotheby's filed a counterclaim and interpleader action in response but also failed to serve him.

According to Mr. Nelson, on January 19, 2000, a Sotheby's representative acknowledged during a phone call with him and after being threatened with legal proceedings, that holding the painting for eleven years was unduly excessive and agreed to its immediate return to Mr. Nelson. However, the painting was not actually returned to Mr. Nelson until March 15, 2000, one day before this lawsuit was filed.

### II.

In considering a motion to dismiss, I regard all of the well-pleaded factual allegations in the complaint as true, construe them in the light most favorable to the plaintiffs, and draw all reasonable inferences on the plaintiffs' behalf. *See Lanigan v. Village of E. Hazel Crest,* 110 F.3d 467, 468 (7th Cir.1997). Dismissal is proper only if it appears beyond doubt that

---

1. According to the amended complaint, Price and Nelson entered into an oral partnership whereby Price gave Nelson one dollar of consideration for a fifty percent ownership of the painting which is the subject of this lawsuit.

the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■■■ Sotheby's argument for dismissal is that the plaintiffs failed to file within the five-year statute of limitations period for conversion. In Illinois, the statute of limitations begins to run the date the cause of action accrues, 735 ILCS 5/13–205, and an action in conversion accrues on the date of conversion. *Griggs v. Robinson Securities,* 1985 WL 1163, at *4 (N.D.Ill.1985). In the complaint, the plaintiffs have alleged all the elements of conversion,[2] and the statute of limitations appears to have begun in February of 1989, when Mr. Nelson first began demanding the return of his painting and was refused, or at the latest, in June of 1993 when the plaintiffs allege that any legitimate claim Mr. Binosi had to the painting was terminated upon dismissal of his lawsuit. Under either of these dates, the five year statute of limitations has passed.

■■■ The plaintiffs make a number of arguments, in the alternative, that the limitations period did not begin until much later, which I deal with in turn. First, they argue that the cause of action did not accrue until August 18, 1998, when the ten year statute of limitations concerning the Nelson–Binosi written consignment agreement expired. In their response to the motion to dismiss, plaintiffs allege new facts about the relationship between Mr. Nelson and Mr. Binosi and allege an oral consignment agreement between the two. However, the plaintiffs do not explain the relevance of this agreement to the statute of limitations in their action against Sotheby's; Mr. Binosi is not a defendant here, nor is there a contract claim. Moreover, Mr. Nelson alleges in the complaint that he at all times owned the painting and that any claim by Mr. Binosi was extinguished

in 1993. Although I may not dismiss a case if it is possible to hypothesize additional facts that would allow the plaintiff to make his case, I can do so only if these additional facts are consistent with the complaint; I cannot rely upon new allegations in plaintiffs' response which contradict those in the complaint. The plaintiffs also argue that the cause of action accrued on March 15, 2000 when Sotheby's finally returned the painting. The basis of this argument is that every day Sotheby's refused to return the painting was an additional act of conversion. This is not the law; there is only one violation or act of conversion alleged here, not a recurring set of wrongs. Moreover, such a contortion of the continuing violation doctrine would never provide repose in these types of cases.

■■■ The plaintiffs next claim that the statute of limitations did not begin until they "discovered" the cause of action in January, 2000, when they learned that Mr. Binosi's claims were dismissed. Generally, statutes of limitation begin to run as soon as a person suffers injury. *Hermitage Corp. v. Contractors Adjustment Co.,* 166 Ill.2d 72, 77, 209 Ill.Dec. 684, 651 N.E.2d 1132 (Ill.1995). Illinois courts have adopted a discovery rule to delay the commencement of the statute of limitations until the plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused. *See Jackson Jordan, Inc. v. Leydig Voit & Mayer,* 158 Ill.2d 240, 198 Ill.Dec. 786, 633 N.E.2d 627, 631 (1994). It is not clear that the discovery rule applies to actions in conversion in Illinois. *See e.g. American Heavy Trading, Inc. v. General Electric Co.,* No. 93 C 3609, 1996 WL 556742 (N.D.Ill., Sept.27, 1996). Even assuming, *arguendo,* that it does, the plaintiffs either knew or should have known that an injury

---

**2.** The elements of conversion are: 1) defendant's unauthorized and wrongful assumption of control, dominion or ownership over plaintiff's personal property; 2) plaintiff's right in the property; 3) plaintiff's right to immediate possession of the property, absolutely and un- conditionally; and 4) plaintiff's demand for possession of the property. *Chicago Dist. Council of Carpenters Welfare Fund v. Gleason & Fritzshall,* 295 Ill.App.3d 719, 722–23, 230 Ill.Dec. 283, 693 N.E.2d 412, 414 (1st Dist. 1998).

occurred as early as February 1989. According to the complaint, Mr. Nelson was sufficiently aware of Sotheby's wrongful conduct to continually demand the return of his painting; this appears to be actual knowledge. Moreover, a companion rule to the discovery rule places a burden on plaintiffs to investigate should they get a whiff that wrongdoing exists. In the plaintiffs' second amended complaint, Mr. Nelson alleges that as soon as Sotheby's informed him it was holding the painting, he immediately complained and demanded its return as the rightful owner. Therefore, according to his own pleadings, as early as February 1989, he was aware that he was injured by defendant's alleged conversion and that such injury may have been wrongfully caused. In addition, Mr. Binosi's lawsuit was commenced in the state in which the plaintiffs reside and could have easily been discovered, particularly since Mr. Price is a former attorney. The plaintiffs should have discovered their injury more than five years before this action was filed.

 Finally, the plaintiffs attempt to invoke the tolling doctrines of fraudulent concealment and equitable estoppel or tolling. The plaintiffs complain that Sotheby's failure to initiate an interpleader action and return the painting after Mr. Nelson's demands and again after Mr. Binosi's lawsuit was dismissed acted to toll the limitations period. The statute of limitations is tolled if a party can prove that some fraud prevented the discovery of the cause of action. *See* Ill.Rev.Stat. ch. 110, par. 13–215. Generally, it is necessary to show affirmative acts designed to prevent the discovery of the action; *Kenroy,* 78 Ill.2d 555, 37 Ill.Dec. 291, 402 N.E.2d 181. Silence alone does not ordinarily constitute fraudulent concealment, unless the person occupies a fiduciary relationship to plaintiff. *Hagney v. Lopeman,* 147 Ill.2d 458, 463, 168 Ill.Dec. 829, 590 N.E.2d 466

(1992). No such relationship is here alleged. Mr. Nelson claims alleges that Sotheby's ignored his repeated attempts to recover his painting; its silence cannot toll the statute of limitations absent an affirmative act ·or representation designed to prevent discovery of the cause of action. *Hauk v. Reyes,* 246 Ill.App.3d 187, 194, 186 Ill.Dec. 405, 616 N.E.2d 358 (1993); *Waters v. Reingold,* 278 Ill.App.3d 647, 660, 215 Ill.Dec. 376, 663 N.E.2d 126 (1996).

 Equitable tolling is a doctrine that allows a plaintiff to avoid the bar of the statute of limitations if he has been unable to obtain vital information bearing on the existence of his claim notwithstanding his diligent inquiry. *Smith v. City of Chicago Hts.,* 951 F.2d 834, 839 (7th Cir. 1992). In this case, the plaintiffs do not allege that they made any type of reasonable inquiry or investigation and were faced with an abundance of evidence of wrongdoing.[3] Therefore, equitable tolling is unavailable.

 Equitable estoppel, the federal equivalent to fraudulent concealment, in contrast, applies if the defendant actively prevents the plaintiff from suing in time. *Id.* at 840. This doctrine "is wholly independent of the limitations period and takes its life, not from the language of the statute, but from the equitable principle that no man will be permitted to profit from his own wrongdoing in a court of justice." *Bomba v. W.L. Belvidere, Inc.,* 579 F.2d 1067, 1070 (7th Cir.1978). This doctrine, too, requires that the plaintiff plead improper conduct by the defendant and harm to the plaintiff resulting from such conduct. *Wheeldon v. Monon Corp.,* 946 F.2d 533, 537 (7th Cir.1991). Again, the plaintiff has failed to allege either.

 In a last ditch effort, the plaintiffs allege that the statute of limitations

---

**3.** Unlike fraudulent concealment, equitable tolling does not assume effort by the defendant to prevent the plaintiff from suing. It differs from the discovery rule in that the plaintiff is assumed to know that he has been injured, so that the statute of limitations has begun to run; but he cannot obtain information necessary to decide whether the injury is due to wrongdoing and, if so, wrongdoing by the defendant. *Id.* at 839.

issue is one only for a trier of fact and that the defendants have waived this argument in any event by returning the painting. The plaintiffs are correct that generally, whether plaintiffs knew or reasonably should have known of their injury is a question within the purview of the trier of fact. *Roper v. Markle,* 59 Ill.App.3d 706, 714, 16 Ill.Dec. 827, 375 N.E.2d 934 (1978). However, where the problem itself imports constructive knowledge of the wrongful injury, the date of discovery may be decided as a question of law. *e.g. Ikenn v. Northwestern Memorial Hosp.,* 73 Ill.App.3d 694, 699, 29 Ill.Dec. 883, 392 N.E.2d 440 (1979). Here, Mr. Nelson knew of his injury when the return of his painting was refused, and since he claims to have always been the rightful owner, he knew it was wrongfully withheld at the same time. Nor has the statute of limitations argument been waived by the defendant's return of the painting. Sotheby's raised the argument that the claim was not timely filed in a procedurally proper manner, and I certainly will make no holding that acts as a legal deterrent for parties to attempt to resolve disputes without court intervention, in this case by penalizing Sotheby's for returning the painting.

The defendant's motion to dismiss is GRANTED without prejudice. However, plaintiffs also request leave to file a second amended complaint based on newly-discovered materials. The federal amendment rules are liberal and designed to give plaintiffs a fair opportunity to bring meritorious claims, so this request is GRANTED; plaintiffs have twenty-eight days from the date of this order to amend the complaint.