# Illinois Official Reports

## Appellate Court

---

### *King Auto Sales, Inc. v. Act Now Towing*, 2021 IL App (5th) 200143

---

| | |
|---|---|
| Appellate Court Caption | KING AUTO SALES, INC., Plaintiff-Appellant, v. ACT NOW TOWING, Defendant-Appellee. |
| District & No. | Fifth District<br>No. 5-20-0143 |
| Filed | August 20, 2021 |
| Decision Under Review | Appeal from the Circuit Court of St. Clair County, No. 19-SC-1789; the Hon. Jeffrey K. Watson, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Van-Lear P. Eckert, of Belleville, for appellant.<br><br>Laura K. Beasley, of Baker Sterchi Cowden & Rice, of Belleville, for appellee. |
| Panel | JUSTICE WHARTON delivered the judgment of the court, with opinion.<br>Justices Welch and Cates concurred in the judgment and opinion. |

**OPINION**

¶ 1    This appeal involves the applicability of the statutory notice requirements in the Labor and Storage Lien (Small Amount) Act (Small Lien Act) (770 ILCS 50/0.01 *et seq.* (West 2018)) and the Illinois Vehicle Code (625 ILCS 5/1-100 *et seq.* (West 2018)) when a vehicle is towed at the request of police following the arrest of the driver. The plaintiff, King Auto Sales, Inc. (King), held a lien on a vehicle that was towed by the defendant, Act Now Towing (Act Now), at the request of the Centreville Police Department. King paid nearly $1000 in towing and storage fees to Act Now for the release of the vehicle. King subsequently filed a petition, asserting that it was entitled to the return of these funds because Act Now failed to comply with statutory notice requirements. The trial court granted a motion to dismiss filed by Act Now, finding that, when a vehicle is towed at the request of police in connection with the arrest of the driver, the owner is responsible for towing and storage charges (see *id.* § 4-203(g)(2)). The court did not initially consider the applicability of any statutory notice requirements. In ruling on a motion to reconsider filed by King, however, the court concluded that the notice requirements do not apply when a vehicle is towed at the request of law enforcement. King appeals, arguing that (1) the court erred in its interpretation of the statute and (2) the court erred by failing to consider the applicability of the statutory notice requirements in the Small Lien Act. We reverse and remand for further proceedings.

¶ 2                                    I. BACKGROUND

¶ 3    The incident leading to this litigation took place on April 30, 2019. A vehicle purchased from King by Kashundria Howard was stopped by Centreville police. As noted previously, King held a lien on the vehicle, which it had sold to Howard the previous year. The driver, Rodney Lewis, was using the vehicle with Howard's permission. Police arrested Lewis on suspicion of cannabis possession and driving on a suspended license. Howard was not present when Lewis was arrested. Police contacted Act Now to request that the vehicle be towed.

¶ 4    Two weeks later, on May 15, 2019, King paid a $500 fee to the Centreville Police Department to obtain a release of the vehicle. King then presented the release to Act Now and paid the towing and storage charges in order to retrieve the vehicle. The record does not indicate how King learned that Act Now was storing the vehicle. According to King's attorney, however, King learned of the location of the vehicle through GPS.

¶ 5    On June 20, 2019, King filed a complaint against Act Now, alleging that Act Now failed to comply with the notice requirement of the Labor and Storage Lien Act (Lien Act) (770 ILCS 45/1.5 (West 2018)) and requesting the return of the funds it expended to retrieve the vehicle.[1] On August 23, Act Now filed a motion to dismiss, arguing that (1) this case is controlled by sections 4-203 and 11-208 of the Illinois Vehicle Code (625 ILCS 5/4-203, 11-208 (West 2018))[2] because the vehicle was towed at the request of law enforcement or, alternatively, that

---

[1]King alleged that it paid Act Now a towing charge of $145, a storage charge of $800, and a $35 charge for a notice letter that King alleged was never sent. We note that, although King seeks to recover all of these funds, the statutory notice provisions at issue in this appeal address only the storage charges. See 625 ILCS 5/4-216 (West 2018); 770 ILCS 45/1.5 (West 2018); 770 ILCS 50/1.5 (West 2018).

[2]We note that section 11-208 provides municipalities with authority to enact various types of traffic regulations and ordinances. See 625 ILCS 5/11-208 (West 2018).

(2) the Small Lien Act, rather than the Lien Act, is applicable because the amount at issue is less than $2000 (see 770 ILCS 50/1 (West 2018)).

¶ 6 On September 10, 2019, King filed an amended complaint. The amended complaint contained allegations that were identical to those in the original complaint. This time, however, King cited the notice requirement of the Small Lien Act (*id.* § 1.5). On September 17, Act Now filed a motion to dismiss the amended complaint, again arguing that the provisions of the Vehicle Code govern cases involving vehicles towed at the request of law enforcement.

¶ 7 The matter came for a hearing on October 24, 2019. Act Now argued that the notice requirements of both the Lien Act and the Small Lien Act are inapplicable in cases involving vehicles towed pursuant to an arrest until the police release the vehicle. Counsel explained that a tow yard cannot release such vehicles until they are released by the police. She stated that police departments have a policy of sending out notices to lienholders prior to that time.

¶ 8 King argued that the Small Lien Act applies because a lien is created by virtue of a towing company's possession of the vehicle. See *id.* § 1. King further noted that section 4-216 of the Vehicle Code contains notice requirements identical to those in the Lien Act and Small Lien Act.

¶ 9 The trial judge stated that he would look at the applicable statutes before ruling. He indicated, however, that he believed that the Lien Act and Small Lien Act were intended to apply only to vehicles towed at the request of private entities, such as the owners of parking lots or garages. He further noted that, as a matter of public policy, King's position would mean that "no tow company would ever assist a police department if they're going to get stiffed every time." The court asked attorneys for both parties if they agreed that the relevant statutes were sections 4-203 and section 4-216 of the Vehicle Code (625 ILCS 5/4-203, 4-216 (West 2018)). Both attorneys indicated they agreed with this limitation. The court took the matter under advisement.

¶ 10 On October 29, 2019, the court entered a written order granting Act Now's motion to dismiss. The court explained that section 4-203(g)(2) of the Vehicle Code unambiguously provides that, when a vehicle is towed pursuant to the authority of law enforcement, the owner is responsible for the towing and storage fees. The court found this provision applicable because the vehicle was towed at the direction of the Centreville Police Department. The court did not discuss any of the other statutes cited by the parties.

¶ 11 On November 18, 2019, King filed a motion to reconsider. King argued that the notice requirements of section 4-216 of the Vehicle Code apply to any vehicle tow authorized under the Vehicle Code. King further argued that section 4-203(g)(2), the provision relied upon by the trial court, is ambiguous and that section 4-216 takes precedence over 4-203(g)(2) to the extent they are inconsistent.

¶ 12 The court held a hearing on the motion to reconsider on March 4, 2020. King argued that under section 4-216 of the Vehicle Code (*id.* § 4-216) a towing company may not collect fees from a lienholder without providing the required notice to the lienholder. Act Now argued that the court correctly determined that section 4-203 governed because this case involved a police tow. In response, King argued that the case required the court to resolve a conflict between sections 4-203 and 4-216. Neither party addressed the Small Lien Act.

¶ 13 The court noted that the statutes relied upon by King deal with "vehicle relocators," companies that tow vehicles for private entities (see *id.* § 18a-100(1)), while the statutes relied

upon by Act Now deal with towing for law enforcement. The court went on to discuss the case of *Jackson v. Bowers*, 314 Ill. App. 3d 813 (2000). The court noted that the instant case is different from *Jackson* because the issue there was whether the towing company had proper written authorization from law enforcement, while in this case, there was "clear direction by law enforcement." The court explained that, based on its reading of *Jackson*, "[t]he real purpose of all the notification statutes is to prevent private property owners and tow companies from colluding to run up a bunch of tow and storage services."[3] The court then reiterated its earlier concern that towing companies would not be willing to "respond to a police department if they had to go through all the rigamarole that a vehicle relocator has to do when they have a private client that directs them to tow vehicles off private property."

¶ 14    On April 6, 2020, the court entered an order denying King's motion to reconsider. This appeal followed.

¶ 15                                    II. ANALYSIS

¶ 16    On appeal from a ruling on a motion to dismiss, this court assumes that all well-pled facts in the plaintiff's complaint are true, and we review *de novo* the trial court's ruling. *Barrall v. Board of Trustees of John A. Logan Community College*, 2019 IL App (5th) 180284, ¶ 9. This case involves a question of statutory construction, which is likewise subject to *de novo* review. *JPMorgan Chase Bank, N.A. v. Earth Foods, Inc.*, 238 Ill. 2d 455, 461 (2010).

¶ 17    When construing statutory provisions, our primary goal is to determine and give effect to the intent of the legislature. *Barrall*, 2019 IL App (5th) 180284, ¶ 10. The best indicator of legislative intent is the express language of the pertinent provisions themselves. *Id.* Therefore, if the statutory language is clear and unambiguous, we will enforce the applicable statutes as written without resorting to "extrinsic aids of statutory construction." *Id.* We will not read into a statute any exceptions, limitations, or conditions that the legislature did not intend. *JPMorgan Chase*, 238 Ill. 2d at 461.

¶ 18    We only look beyond the express statutory language and rely on the rules of statutory construction if the applicable statutes are ambiguous. *Barrall*, 2019 IL App (5th) 180284, ¶ 10. One basic principle of statutory construction is that we should consider the purpose of the statutes we are construing and the problems they are intended to remedy. *Id.* ¶ 34. Another rule is that we must read a statutory provision as a whole and interpret it in a way that does not render any of its terms meaningless or superfluous. *JPMorgan Chase*, 238 Ill. 2d at 461. Similarly, we must consider together statutes that relate to the same subject or are part of the same comprehensive legislative scheme. *Moscardini v. Neurosurg, S.C.*, 269 Ill. App. 3d 329, 333 (1994). Such statutes should be construed to be consistent with each other if possible. *Id.* at 334. Finally, we must consider the consequences that would flow from our interpretation and presume that the legislature did not intend results that are unjust or absurd. *Landis v. Marc*

---

[3]In reaching this conclusion, the trial court emphasized that in *Jackson*, this court found that the tow company should be paid at least a reasonable portion of its fees. We note, however, that in that case, the police—and later, the FBI—refused to allow the release of the vehicle for a significant period of time. See *Jackson*, 314 Ill. App. 3d at 816-17. At issue was whether the tow company had documentation from the law enforcement agencies involved showing that continuing to hold the vehicle was authorized. *Id.* at 821-22.

*Realty, L.L.C.*, 235 Ill. 2d 1, 12 (2009). With these principles in mind, we turn to the pertinent statutes.

¶ 19 We begin with section 4-203(g)(2) of the Vehicle Code, which provides that if a vehicle removal "is authorized by a law enforcement agency, the owner of the vehicle shall be responsible for all towing and storage charges." 625 ILCS 5/4-203(g)(2) (West 2018). We agree with the trial court and Act Now that this provision unequivocally applies to the facts of this case. By its express terms, the provision applies whenever a tow is authorized by law enforcement. *Id.* There is no language limiting the provision based on the purpose for which law enforcement authorized the tow.

¶ 20 Despite this clear statutory language, King argues that the structure of section 4-203 indicates that the legislature intended to limit the applicability of the provision in paragraph (g)(2) to circumstances in which police authorize a vehicle tow to remove a dilapidated vehicle from the road. King notes that paragraph (g)(1) authorizes law enforcement agencies to request that dilapidated vehicles be towed (*id.* § 4-203(g)(1)) and argues that "by explicitly grouping § 203(g)(2) with § 203(g)(1)" the legislature "intended § 203(g)(2) to be read in conjunction with § 203(g)(1)." We are not persuaded.

¶ 21 Each paragraph of subsection (g) contains express limits on its applicability, and the limits included in each paragraph are different. For example, the provisions of paragraph (g)(3) apply when law enforcement authorizes a vehicle removal pursuant to sections 4-201, 4-202, and 4-203 of the Vehicle Code. *Id.* § 4-203(g)(3). Similarly, the applicability of paragraph (g)(5) is limited to vehicles towed at the direction of law enforcement because they have been involved in accidents. *Id.* § 4-203(g)(5). Reading subsection (g) in its entirety, it is clear that the legislature intended each paragraph to have only the distinct limitations stated within the paragraph. Because paragraph (g)(2) states that it is applicable to vehicles towed pursuant to the authority of law enforcement, we find it applicable to the case before us.

¶ 22 Alternatively, King argues that, assuming section 4-203(g)(2) applies to this case, Kashundria Howard, not King, was the owner of the vehicle and therefore she is responsible for the charges. Whether King or Howard was the owner of the vehicle under the Vehicle Code is a question of fact. The Vehicle Code defines the "owner" of a vehicle as the "person who holds legal title of a vehicle ***, or in the event a mortgagor of such vehicle is entitled to possession, then such *** mortgagor shall be deemed the owner for the purpose of this Code." *Id.* § 1-155. Whether Kashundria Howard is either the legal title holder or a mortgagor entitled to possession is a factual determination that cannot be made at the pleading stage. Moreover, we find that King forfeited this argument by failing to raise it before the trial court.

¶ 23 Contrary to the arguments of Act Now and the conclusion of the trial court, however, this does not end our inquiry. A vehicle owner's general responsibility to pay the towing and storage fees does not absolve the towing company of its responsibility to comply with applicable notice requirements, nor does it relieve the towing company of any consequences for failing to do so. We will therefore turn our attention to the second applicable statute, section 4-216 of the Vehicle Code.

¶ 24 Section 4-216(a) provides that "[a]ny commercial vehicle relocator or any other private towing service providing removal or towing services pursuant to this Code and seeking to impose fees" for storing a vehicle in its possession "must provide written notice within 2 business days after the vehicle is removed or towed, by certified mail, return receipt requested, to the lienholder of record." *Id.* § 4-216(a). If the towing company fails to comply with this

requirement and, as happened in this case, the lienholder discovers the location of the vehicle through other means, "the lienholder is entitled to recover any storage fees" it paid to retrieve the vehicle. *Id.* § 4-216(c). The Vehicle Code provides police with authority to request that a vehicle be towed and stored when its driver is arrested for any violation of section 11-501 (*id.* § 11-501), including suspicion of driving under the influence of cannabis, as occurred in this case. See *id.* § 4-203(e), (e-5). Thus, the tow involved in this case was provided pursuant to the Vehicle Code, and the notice requirements of 4-216 are applicable.

¶ 25    King also argues that the trial court erred in failing to consider whether the notice requirements of the Small Lien Act apply. As we mentioned earlier, however, King's attorney acquiesced to the court's decision to limit its consideration to sections 4-203 and 4-216 of the Vehicle Code. As such, King has forfeited this specific argument. Moreover, the notice requirements in the Small Lien Act and the Vehicle Code are identical in relevant part. Thus, we need not consider this argument.

¶ 26    We briefly consider one of the arguments raised by Act Now in response to King's contentions. Act Now argues that we should affirm the trial court's ruling in part because King failed to address the public policy concerns raised by the trial court—namely, that towing companies would be unwilling to provide services to law enforcement agencies if required to provide notice to lienholders. We are not persuaded. As noted earlier, we may only look beyond the express statutory language if that language is ambiguous. See *Barrall*, 2019 IL App (5th) 180284, ¶ 10. As we have just discussed, the applicable statutory language in both sections 4-203 and 4-216 is clear and unambiguous.

¶ 27                                  III. CONCLUSION

¶ 28    For the foregoing reasons, we reverse the ruling of the trial court, and we remand for further proceedings.

¶ 29    Reversed and remanded.