2024 IL App (3d) 220077

Opinion filed May 29, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| CHARLES H. LANDWER, | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Du Page County, Illinois. |
| | ) | |
| | ) | Appeal No. 3-22-0077 |
| v. | ) | Circuit No. 18-L-1005 |
| | ) | |
| DELUXE TOWING, INC., | ) | The Honorable |
| | ) | Robert G. Gibson, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE HETTEL delivered the judgment of the court, with opinion.
Justice Peterson concurred in the judgment and opinion.
Presiding Justice McDade specially concurred, with opinion.

**OPINION**

¶ 1 In 2018, plaintiff Charles H. Landwer filed a complaint against defendant Deluxe Towing, Inc., for replevin and detinue, seeking the return of a trailer that was stolen from him in 2007. The trial court dismissed plaintiff's complaint as untimely. Plaintiff appeals, arguing that the trial court erred in dismissing his complaint because (1) he did not discover that defendant had his trailer until 2016, and (2) defendant engaged in fraudulent concealment. We reverse and remand for the trial court to consider whether the five-year statute of limitations should be equitably tolled until

plaintiff discovered, or through the exercise of reasonable diligence could have discovered, that defendant possessed his trailer.

¶ 2                                    BACKGROUND

¶ 3        On or about February 10, 2007, a Rance Renegade enclosed motorcycle trailer owned by plaintiff was stolen from plaintiff's property in Hanover Park. Soon thereafter, plaintiff called the police and filed a police report with the Hanover Park Police Department.

¶ 4        On September 4, 2018, plaintiff, a self-represented litigant, filed a complaint, seeking orders of replevin and detinue against defendant. According to the complaint, defendant was in possession of plaintiff's stolen trailer. Plaintiff requested that the court compel defendant to deliver the trailer to him immediately.

¶ 5        Defendant filed a motion to dismiss plaintiff's complaint arguing, in part, that it was untimely because it was not filed within five years of plaintiff's loss. In response to defendant's motion, plaintiff argued for an exception to the applicable statutes of limitations and posed the following question: "How is the Plaintiff to know that the Defendant stole the Plaintiff's Property to begin the clock on the Statute of Limitation Period?"

¶ 6        On June 25, 2019, the trial court dismissed plaintiff's complaint without prejudice, granting plaintiff 28 days to refile his complaint. On July 22, 2019, plaintiff filed his first amended complaint for replevin and detinue. In his amended complaint, plaintiff alleged that he first learned in "late Spring of 2016" that defendant possessed his trailer. He further alleged that he "was notified in Summer of 2016, by the Illinois Secretary of State's, Vehicle Services department" that the president and registered agent of defendant was attempting to a obtain a title for his trailer.

¶ 7        Defendant filed a motion to dismiss plaintiff's amended complaint, again asserting that plaintiff's claims were barred by the applicable statutes of limitations. Defendant further asserted

2

that notice of the sale of plaintiff's trailer was published in the *Daily Herald* in July 2007, so the statute of limitations began running then. Defendant attached to its motion a copy of a "Certification of Publication of Notice" from the *Daily Herald* purportedly showing that notification of the sale of the subject trailer was published in the newspaper on July 2, 9, and 16, 2007.

¶ 8        Plaintiff responded to defendant's motion again asserting that he first learned "in late Spring 2016" that defendant possessed his trailer. Plaintiff further asserted that the "Certification of Publication of Notice" attached to defendant's motion was not genuine and did not prove that legal notice was ever published in the *Daily Herald*. In support of his contention, plaintiff attached copies of the Arlington Heights edition of the *Daily Herald* from July 2, 9, and 16, 2007, which did not contain a notice of the sale of the trailer. The trial court denied defendant's motion to dismiss.

¶ 9        Thereafter, defendant filed two more motions to dismiss. In its last motion, defendant asserted that it could not obtain an original or certified copy of the certificate of publication from the western suburbs edition of the *Daily Herald*, which contained the notice of sale because too much time had passed. Defendant attached to its motion an affidavit from the legal notices coordinator for the *Daily Herald*, Paula Raetzman, stating that she "has no reason to doubt the authenticity" of the copy of the certificate of publication attached to defendant's motion to dismiss.

¶ 10        At a court hearing on April 30, 2021, the following colloquy occurred between the court and plaintiff:

> "THE COURT: *** A cause of action accrues when the Plaintiff knows or should have known that he is injured and that such injury may have been wrongfully caused. So when I look at the amended complaint the knowledge of the fact that, Mr. Landwer, you knew

3

you were injured and that the injury may have been wrongfully caused, that that's something that many, many years ago when you found that your trailer and personal belongings were gone and you filed a police report. You used the word I believe quickly thereafter. That's the time when the cause of action accrued.

MR. LANDWER: I didn't know who to sue. Who am I supposed to sue, John Doe?

THE COURT: You're taking the position that it doesn't accrue until I know who the party defendant would be, but that's not the law. And that's and actually you kind of answered the question. If you didn't know who to sue there is the possibility of suing a John Doe, unknown individual, but there's no provision that the statute doesn't start running until you know who the perpetrator is. It's within five years next after the cause of action accrued. A cause of action accrues when the Plaintiff knows or should have known that he is injured and that such injury may have been wrongfully caused ***."

¶ 11    Three days later, the court held a hearing on defendant's motion to dismiss. At that hearing, plaintiff argued that his complaint should not be barred by the five-year statute of limitations applicable to replevin and detinue actions because he did not know defendant possessed his trailer until well more than five years after his trailer was stolen. Plaintiff argued:

"And I know we talked about a John Doe complaint, but the Sheriff told me there is 5,300 thefts every year in the County. If every one of those people filed a John Doe complaint hoping to get their stuff back, the courthouse would come to a grinding halt. I mean, technically, that is just unreasonable.

Who could I sue until I knew somebody who had it? As soon as I found out who had it, I sued."

The trial court responded:

4

"So Mr. Landwer, the legislature set forth that, yes, it's true, you don't know who you can bring suit against, who the specific individual or entity or entities would be until you find out who perpetrated the conversion. But the legislature sought to set that statute, it's not as if it's six months or a year, five years. And in the event you are unable to determine it within five years, yes, you are either out of luck or you have to bring a—you would have to bring a John Doe type complaint. But that is a legislative prerogative.

And you may believe it's unjust, and I think there is an argument to be made. I, certainly, understand the argument.

But this Court has no authority to override the statute of limitations. And it's clear it's five years. It's not five years from when you determine who is the perpetrator of the conversion.

And for those reasons the motion to dismiss is granted, and it will be with prejudice. There is no—there is nothing that could be done here to amend this complaint to override the statute of limitations. So the motion is granted."

¶ 12    Plaintiff filed a motion to reconsider, arguing that the trial court should have allowed him to amend his complaint to add allegations of fraudulent concealment against defendant. Plaintiff also filed a motion to vacate the trial court's judgment. Defendant filed a joint response to plaintiff's motions, and plaintiff filed a joint reply. In his joint reply, plaintiff argued:

"*** The Honorable Court, at the Hearing on the Defendant's Motion to Dismiss, suggested that the Plaintiff 'Could Have' filed his *Verified Motion For Order Of Replevin* months and possibly years earlier than 21 November 2016. The Plaintiff Disagrees!

*** Who would the Plaintiff file suit against? Who would the Plaintiff allege as the Defendant? The Plaintiff imagines a John Doe could be listed as a Defendant. Then what

5

steps could the Plaintiff take to identify the John Doe? DuPage County has over nine hundred thousand residents, should the Plaintiff depose each one of them to find the responsible party? That is, of course, ridiculous. How long would the Circuit Court of DuPage County entertain a pending matter with a 'John Doe' Defendant? Who could the Plaintiff serve? Who could the Plaintiff depose to ascertain the proper Defendant? It's all ridiculous. The only way to file a Complaint and have the matter move through the Court System efficiently is for the Plaintiff to identify a proper Defendant."

On February 3, 2022, at the hearing on plaintiff's motions to reconsider and vacate, plaintiff argued:

"You had suggested—your Honor suggested that I file a John Doe complaint. Against who? The John Doe complaint would have been pending for 14 years. Judge Popejoy would have struck that down after six months and no service. What was I to do?"

Later in the hearing, the court responded:

"I understand the frustration by Mr. Landwer about well, what was he supposed to do in this instance since he took a lot of different steps to try to recover his property, but in this—in this instance, I have reviewed the case law and the statute and the pleadings here and the decision was in accordance with the law in this Court's view and the motion to reconsider and to vacate is denied."

¶ 13                                          ANALYSIS

¶ 14          Section 2-619(a) of the Code of Civil Procedure allows a defendant to file a motion for dismissal of an action on grounds specified therein. 735 ILCS 5/2-619(a) (West 2018). One ground for dismissal is "[t]hat the action was not commenced within the time limited by law." *Id.* § 2-

619(a)(5). Actions for replevin and detinue "shall be commenced within 5 years next after the cause of action accrued." *Id.* § 13-205.

¶ 15    "A motion to dismiss under section 2-619(a) admits the legal sufficiency of the plaintiff's complaint, but asserts that the claim asserted against the defendant is barred by some affirmative matter which avoids the legal effect of or defeats the claim." *In re Estate of Boyar*, 2013 IL 113655, ¶ 27. A section 2-619 motion should be granted only if the plaintiff cannot prove facts entitling him to relief. *Id.* We review *de novo* whether a circuit court properly granted a motion to dismiss. *Id.*

¶ 16                                                          I

¶ 17    Plaintiff first argues on appeal that the trial court erred in granting defendant's motion to dismiss his complaint as untimely because he filed his complaint two years after he discovered defendant was in possession of his trailer.

¶ 18    "[T]he event which triggers the running of the statutory period is not the first knowledge the injured person has of his injury, and, at the other extreme, *** it is not the acquisition of knowledge that one has a cause of action against another for an injury he has suffered." *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 415 (1981). Rather, "the statute starts to run when a person knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused." *Id.*

¶ 19    Illinois courts have "repeatedly rejected" the proposition that "the identity of the party who caused [the plaintiff's] injury is a prerequisite to the commencement of the running of the statute of limitations." (Internal quotation marks omitted.) *Guarantee Trust Life Insurance Co. v. Kribbs*, 2016 IL App (1st) 160672, ¶ 30 (citing *McCormick v. Uppuluri*, 250 Ill. App. 3d 386, 392 (1993) (rejecting the plaintiff's argument that his ignorance of a doctor's role in his injury tolled the

running of the limitations period), and *Guebard v. Jabaay*, 65 Ill. App. 3d 255, 257-59 (1978) (holding limitations period commenced when the plaintiff knew she was injured by an improperly performed operation, not when she discovered the identity of the doctor who performed the operation)); see *One Fish Two Fish, LLC v. Struif*, 2021 IL App (1st) 191441, ¶ 45 ("It is unnecessary that the plaintiff know the specific identity of the tortfeasor before the statute of limitations will begin to run."); *Tirio v. Dalton*, 2019 IL App (2d) 181019, ¶ 68 (statute of limitations was not tolled until plaintiff knew identity of each person who made a defamatory statement about him). However, in all the cases cited above, the plaintiff could have reasonably discovered at least one defendant's identity during the relevant statute of limitations. See *Struif*, 2021 IL App (1st) 191441, ¶ 49; *Tirio*, 2019 IL App (2d) 181019, ¶ 68; *Kribbs*, 2016 IL App (1st) 160672, ¶ 33; *McCormick*, 250 Ill. App. 3d at 392; *Guebard*, 65 Ill. App. 3d at 259.

¶ 20 None of the cases above discussed or considered equitable tolling, which is a recognized doctrine in this state. *American Family Mutual Insurance Co. v. Plunkett*, 2014 IL App (1st) 131631, ¶ 33. "Tolling doctrines stop the statute of limitations from running even if the accrual date has passed." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990) (applying federal law). Equitable tolling of a statute of limitations may be appropriate "if the plaintiff has been prevented from asserting his or her rights in some extraordinary way." *Clay v. Kuhl*, 189 Ill. 2d 603, 614 (2000). "Extraordinary barriers that may warrant equitable tolling include legal disability, an irremediable lack of information, or circumstances where the plaintiff could not learn the identity of the proper defendants through the exercise of due diligence." *City of Rockford v. Gilles*, 2022 IL App (2d) 210521, ¶ 65 (citing *Doe v. Hastert*, 2019 IL App (2d) 180250, ¶ 48).

¶ 21 "[E]quitable tolling postpones the deadline for suing if a plaintiff cannot discover his injurer's identity within the statutory period despite the exercise of reasonable diligence." *Griffin*

*v. Willoughby*, 369 Ill. App. 3d 405, 416 (2006) (citing *Fidelity National Title Insurance Co. of New York v. Howard Savings Bank*, 436 F.3d 836, 839 (7th Cir. 2006) (applying Illinois law)). The doctrine of equitable tolling "is a commonplace limitations doctrine and a sensible one." *Fidelity*, 436 F.3d at 839. It simply allows the plaintiff "the time necessary to find such additional information as the plaintiff absolutely needs in order to be able to file a suit." *Id.*

¶ 22       "Unlike the related doctrine of equitable estoppel, equitable tolling requires no fault on the part of the defendant." *Williams v. Board of Review*, 241 Ill. 2d 352, 361 (2011). "Equitable tolling just means that without fault by either party the plaintiff does not have enough information to sue within the period of limitations, and *** the period of limitations doesn't start until he has the information ***." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 721 (7th Cir. 1993) (applying federal law).

¶ 23       When equitable tolling applies, the limitations period begins to run when the barrier preventing the plaintiff from filing suit is removed. See *In re Estate of Cerami*, 2018 IL App (1st) 172073, ¶ 57. Equitable tolling requires due diligence by the plaintiff. *Williams*, 241 Ill. 2d at 372. "Due diligence is a fact-specific inquiry, guided by reference to the hypothetical reasonable person, or *** a reasonably prudent claimant similarly situated." (Internal quotation marks omitted.) *Id.*

¶ 24       Equitable tolling is particularly appropriate in replevin actions. In a replevin action, the plaintiff seeks recovery of property that is being wrongfully detained by the defendant. See 735 ILCS 5/19-104 (West 2018); *Carroll v. Curry*, 392 Ill. App. 3d 511, 514 (2009). While replevin is now a purely statutory cause of action, equitable principles still apply in replevin cases. *Adams v. Greg Weeks, Inc.*, 327 Ill. App. 3d 380, 384 (2002) (citing 77 C.J.S. *Replevin* § 4, at 313 (1994)); see *Gunn v. Sobucki*, 216 Ill. 2d 602, 618 (2005) ("Although replevin is an action at law [citation], equitable principles have been held to apply to replevin proceedings [citation]."). Equitable tolling

9

is appropriate in civil actions seeking the recovery of stolen property because "until the owner discovers the identity of the thief or the person in possession of the stolen property, the owner is powerless to institute an action *** for the return of the property." *Naftzger v. American Numismatic Society*, 49 Cal. Rptr. 2d 784, 791 (Ct. App. 1996).

¶ 25    Accordingly, courts in several jurisdictions have ruled that when a plaintiff files an action for replevin or a similar action to recover stolen property, the statute of limitations does not begin to run until the plaintiff, exercising due diligence, discovers, or should have discovered, the identity of the defendant who possesses his property. See *id.* (cause of action for recovery of stolen property did not accrue until property owner discovered identity of person in possession of property); *Autocephalous Greek-Orthodox Church of Cyprus v. Goldberg & Feldman Fine Arts, Inc.*, 917 F.2d 278, 289-90 (7th Cir. 1990) (applying Indiana law) (statute of limitations for replevin action seeking recovery of stolen mosaics did not begin to run until plaintiff discovered, through the exercise of due diligence, who had the mosaics); *DeWeerth v. Baldinger*, 836 F.2d 103, 108 (2d Cir. 1987) (applying New York law) (statute of limitations for suit seeking return of stolen property began to run when plaintiff, exercising reasonable diligence, identified current possessor of property and demanded its return); *O'Keeffe v. Snyder*, 416 A.2d 862, 870 (N.J. 1980) (statute of limitations for artist's replevin action began "when she first knew, or reasonably should have known through the exercise of due diligence, of the cause of action, including the identity of the possessor of the paintings"); *Commercial Union Insurance Co. v. Connolly*, 235 N.W. 634, 636 (Minn. 1931) (statute of limitations does not begin to run against possessor of stolen property until owner, through exercise of due diligence, could determine possessor's identity).

¶ 26    The cases cited above were decided in other jurisdictions and, therefore, are not binding on this court. See *Kostal v. Pinkus Dermatopathology Laboratory, P.C.*, 357 Ill. App. 3d 381, 395

(2005). Nevertheless, "comparable court decisions of other jurisdictions 'are persuasive authority and entitled to respect.' " *Id.* (quoting *In re Marriage of Raski*, 64 Ill. App. 3d 629, 633 (1978)). We find the decisions above persuasive and lead us to conclude that equitable tolling should be applied in actions for the recovery of property, such as replevin. As the Wisconsin Supreme Court stated: "A statute of limitations barring relief to victims before the defendant is, or could be, discovered violates [the] guarantee of fairness." *Spitler v. Dean*, 436 N.W.2d 308, 310 (Wis. 1989). Thus, we conclude that plaintiff's causes of action were tolled until plaintiff knew or in the exercise of reasonable diligence should have known the identity of the defendant. See *id.*

¶ 27   While we agree with our specially concurring colleague that plaintiff never used the words "equitable tolling," we disagree that he never raised the argument. He stated the elements of the doctrine in his amended complaint and in various pleadings when he asserted that he did not know and could not have learned that defendant possessed his trailer until 2016. Additionally, at several hearings, plaintiff argued that it was impossible for him to file his actions against defendant until 2016, when he first discovered that defendant had his trailer. For example, at the hearing on defendant's final motion to dismiss, plaintiff stated: "Who could I sue until I knew *** who had it? As soon as I found out who had it, I sued." While plaintiff's use of the phrase "equitable tolling" may have given the trial court a better chance of applying the seldom-used doctrine, his allegations were clear and sufficient to invoke the applicable doctrine.

¶ 28   The trial court did not consider the doctrine of equitable tolling in ruling on defendant's motion to dismiss. Rather, the court repeatedly stated that it could not "override the statute of limitations" and, therefore, had to dismiss plaintiff's complaint because it was filed more than five years after the theft of plaintiff's trailer. Because the trial court did not consider whether the five-year statute of limitations should have been equitably tolled, we reverse its order granting

11

defendant's motion to dismiss on statute-of-limitations grounds. We remand this action for the trial court to allow plaintiff to present evidence establishing when, through the exercise of reasonable diligence, he could have first discovered that defendant possessed his trailer.

¶ 29                                                              II

¶ 30        Plaintiff also argues that the trial court erred in dismissing his complaint because defendant fraudulently concealed its identity as the possessor of his trailer.

¶ 31        Fraudulent concealment provides an exception to the limitations period for causes of action. *Doe No. 2 v. Boy Scouts of America*, 2016 IL App (1st) 152406, ¶ 80. Pursuant to section 13-215 of the Code of Civil Procedure (735 ILCS 5/13-215 (West 2018)):

> "If a person liable to an action fraudulently conceals the cause of action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards."

Under section 13-215, "fraudulent concealment will 'toll' a limitations period if a plaintiff pleads and proves that fraud prevented discovery of the cause of action." *DeLuna v. Burciaga*, 223 Ill. 2d 49, 76 (2006).

¶ 32        "A plaintiff alleging fraudulent concealment must generally show affirmative acts by the defendant that are designed to prevent the discovery of the action." *Lamet v. Levin*, 2015 IL App (1st) 143105, ¶ 32 (citing *Clay*, 189 Ill. 2d at 613). A general assertion of fraudulent concealment is insufficient. See *Masters v. Smythe*, 124 Ill. App. 2d 474, 476-77 (1970); *Nogle v. Nogle*, 53 Ill. App. 2d 457, 466 (1964). The plaintiff must "state specifically the inculpatory facts in order that they may carry their own conviction of fraud and in order that the wrongdoing may thereby be made to more clearly to appear." *Nogle*, 53 Ill. App. 2d at 466. Allegations of fraudulent

12

concealment unsupported by details regarding specific actions taken by the defendant, such as false statements made or documents falsified or destroyed, are insufficient to toll the statute of limitations. See *Kribbs*, 2016 IL App (1st) 160672, ¶ 36.

¶ 33   Here, plaintiff did not include any allegation of fraudulent concealment in his original or amended complaint for replevin and detinue. Additionally, while plaintiff argued in response to defendant's motion to dismiss that defendant "fraudulently concealed my trailer," plaintiff never alleged any affirmative acts committed by defendant designed to prevent discovery of his claim, such as a false statement or a falsified or destroyed document. Because plaintiff failed to allege any specific actions by defendant that were designed to prevent discovery of plaintiff's cause of action, the trial court did not err in refusing to extend the applicable statutes of limitations on the basis of fraudulent concealment.

¶ 34                                    CONCLUSION

¶ 35   The judgment of the circuit court of Du Page County is reversed, and the cause is remanded.

¶ 36   Reversed and remanded.

¶ 37   JUSTICE McDADE, specially concurring:

¶ 38   I agree with the majority that this case should be reversed and remanded for further proceedings. I write separately, however, because I do not join in the method by which it has done so.

¶ 39   The majority recognizes that Landwer never raised equitable tolling in this case. *Supra* ¶ 27. It has, nevertheless, raised the argument for him, even though the law finds it ill-advised, although not prohibited, for reviewing courts to do so. Our supreme court has stated:

"Illinois law is well settled that other than for assessing subject matter jurisdiction, 'a reviewing court should not normally search the record for unargued and unbriefed reasons to *reverse* a trial court judgment.' (Emphasis added.) *Saldana v. Wirtz Cartage Co.*, 74 Ill. 2d 379, 386 (1978); see also *Parks v. McWhorter*, 106 Ill. 2d 181, 184 (1985) (noting that except for jurisdictional grounds, a search of the record for unargued and unbriefed reasons to reverse a lower court's decision is improper); *People ex rel. Akin v. Southern Gem Co.*, 332 Ill. 370, 372 (1928) ('while this court will examine the record for the purpose of affirming a judgment it will not do so for the purpose of reversing it'). Moreover, in *Greenlaw v. United States*, [554 U.S. 237, 243-44 (2008)], the United States Supreme Court recently addressed the propriety of a reviewing court ruling upon issues raised *sua sponte*. The Court admonished:

'In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present. To the extent courts have approved departures from the party presentation principle in criminal cases, the justification has usually been to protect a *pro se* litigant's rights. [Citation.] But as a general rule, "[o]ur adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief." ' "

*People v. Givens*, 237 Ill. 2d 311, 323-24 (2010).

The *Givens* court also stated:

" 'While a reviewing court has the power to raise unbriefed issues pursuant to Supreme Court Rule 366(a)(5), we must refrain from doing so when it would have the effect of

transforming this court's role from that of jurist to advocate. [Citation.] Were we to address these unbriefed issues, we would be forced to speculate as to the arguments that the parties might have presented had these issues been properly raised before this court. To engage in such speculation would only cause further injustice; thus we refrain from addressing these issues *sua sponte*.' " *Id.* at 324 (quoting *People v. Rodriguez*, 336 Ill. App. 3d 1, 14 (2002)).

¶ 40    I believe that, rather than equitable tolling, the reversal of this appeal should be based on the well-settled principle that a section 2-619 motion should only be granted if the complainant cannot prove any facts entitling it to relief. *In re Estate of Boyar*, 2013 IL 113655, ¶ 27.

¶ 41    Landwer's complaint alleged replevin and detinue. In relevant part, section 13-205 of the Code of Civil Procedure provides that "actions *** to recover the possession of personal property or damages for the detention or conversion thereof *** shall be commenced within 5 years next after the cause of action accrued." 735 ILCS 5/13-205 (West 2018). However, pursuant to section 13-215 of the Code of Civil Procedure (*id.* § 13-215):

> "If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards."

Section 13-215 does not authorize a stand-alone action. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 110. Rather, the purpose of section 13-215 is to extend the limitations period that applies to a particular action. *Id.*

¶ 42    Here, Landwer has pled facts that are sufficient to potentially bring his claims within section 13-215's extension of the five-year statute of limitations. Accordingly, because it cannot

15

be said that Landwer can prove no facts that would entitle him to relief, I would hold that the circuit court erred when it dismissed his complaint. See *Boyar*, 2013 IL 113655, ¶ 27.

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 18-L-1005; the Hon. Robert G. Gibson, Judge, presiding. |
| **Attorneys for Appellant:** | Charles H. Landwer, of Hanover Park, appellant, *pro se*. |
| **Attorneys for Appellee:** | Matthew T. Caruso and James L. Ryan, of Roberts & Caruso, of Wheaton, for appellee. |