**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240640-U

Order filed October 27, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | |
|---|---|
| CHARLES H. LANDWER, | Appeal from the Circuit Court of the Eighteenth Judicial Circuit, |
| Plaintiff-Appellant, | Du Page County, Illinois. |
| v. | Appeal No. 3-24-0640 Circuit No. 18-L-1005 |
| DELUXE TOWING, INC., | |
| Defendant-Appellee. | The Honorable Robert G. Gibson, Judge, Presiding. |

_____

JUSTICE ANDERSON delivered the judgment of the court.
Justices Peterson and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:    The trial court's dismissal of plaintiff's second amended complaint is reversed, and the case is remanded for evidentiary hearings on whether equitable tolling or fraudulent concealment will toll the statute of limitations.

¶ 2    Plaintiff Charles H. Landwer's trailer, tools, and equipment went missing and were reported as having been stolen to the Hanover Park, Illinois, police in March 2007. Defendant Deluxe Towing, Inc., towed and took possession of the trailer in early 2007. Landwer became aware Deluxe might have those items in 2016 and filed suit against Deluxe in 2018 seeking to

recover them. The trial court dismissed the suit as barred by the statute of limitations, and Landwer appealed. This court reversed the dismissal and remanded the case for the trial court to hear evidence on whether, and if so, when, equitable tolling of the limitations period would apply to allow the suit to proceed. *Landwer v. Deluxe Towing, Inc.*, 2024 IL App (3d) 220077. On remand, Landwer filed a new second amended complaint that was again dismissed as beyond the statute of limitations, and Landwer timely appealed. We now reverse and remand the cause for an evidentiary hearing to determine whether fraudulent concealment occurred and whether equitable tolling of the statute of limitations is appropriate.

¶ 3                                    I. BACKGROUND

¶ 4        Our prior decision in *Landwer*, 2024 IL App (3d) 220077, includes a detailed factual background that need not be repeated here. In essence, in February 2007, Landwer discovered that his trailer, equipment, tools, and other personal property were missing from his residence. He reported the items stolen to the Hanover Park police. On March 12, 2007, he filed a police report with the Hanover Park police, and a supplemental report on March 16, 2007.

¶ 5        Landwer first became aware of the location of any of his stolen property in spring 2016 when he was notified of a warranty claim being made on equipment that was part of the stolen property. Landwer contacted the Illinois Secretary of State and was informed in the summer of 2016 that the registered agent and president of Deluxe was attempting to obtain a vehicle title for the trailer. Landwer unsuccessfully attempted to contact Deluxe in October 2016 by e-mail and letters to inquire about the trailer. He eventually filed his lawsuit against Deluxe in 2018.

¶ 6        The trial court dismissed the first amended complaint with prejudice as time barred for being filed more than five years after the date Landwer became aware of the theft of the trailer. This court reversed the dismissal and remanded the cause to the trial court to consider whether the

2

statute of limitations should be tolled, and if so, to what date. The majority found that Landwer had sufficiently pled enough facts, if proved, for equitable tolling of the statute of limitations to apply. We ordered the trial court "to allow plaintiff to present evidence establishing when, through the exercise of reasonable diligence, he could have first discovered the defendant possessed his trailer." *Id*. ¶ 28. Specially concurring, Justice McDade agreed on the reversal and remand, but relied on the plaintiff having pled sufficient facts, if proved, to support a claim of fraudulent concealment to toll the statute of limitations. *Id*. ¶ 42 (McDade, J., concurring).

¶ 7    On remand, Landwer immediately sought and was granted leave to amend his complaint and filed his second amended verified complaint. That complaint repeats virtually all the allegations in the first amended complaint, including Landwer's efforts to discover what had happened to his stolen property. The second amended complaint also adds new facts and theories, including additional factual allegations relating to the statute of limitations, the discovery rule, and fraudulent concealment.

¶ 8    The second amended complaint's fraudulent concealment allegations state Deluxe towed and took possession of Landwer's trailer, tools, and equipment, and retained possession of the property without providing notice to anyone. The complaint alleges that, depending on the circumstances of Deluxe's tow, various Illinois statutes required it to provide written notice to Landwer, the owner of the vehicle, that it had towed the trailer, sought a lien on the trailer for fees owed, and was selling the trailer to recover those fees. Landwer alleges that Deluxe never notified police that a tow had occurred and that the police never notified Landwer of the tow. Deluxe never directly notified Landwer, the registered owner of the trailer, by certified mail or any other means that it held his property, nor did it publish proper statutory notice. Deluxe never inventoried and reported the property to anyone, obtained new title after conducting a lawful sale of any of the

3

property, accounted for any monies realized from that sale, and never turned over any surplus funds from any sale that exceeded the towing and storage liens, as required by statute. The complaint further alleges that Deluxe failed to provide any mandated notice to prevent Landwer from recovering his property.

¶ 9    Deluxe filed a motion to dismiss Landwer's second amended complaint as time-barred under section 2-619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(5) (West 2022)). The motion argued that the complaint did not plead facts sufficient to support equitable tolling because Landwer was not diligent in seeking information about his stolen trailer and should have discovered any published notice concerning the trailer in the local newspaper. Deluxe also asserted that it held the trailer lawfully pursuant to a requested police tow in May 2007.

¶ 10    As support for its motion to dismiss, Deluxe attached an affidavit of its president and keeper of records stating that the copy of the "Certification of Publication" produced in briefing on the first amended complaint was the only document on notice by publication in its records. The affidavit also stated that Deluxe had towed the trailer from West Chicago to Deluxe's yard at the request of the Du Page County Sheriff, attaching a "Certificate of Purchase" from its records in support. The attached "Certificate of Purchase Transferring Ownership of Abandoned, Lost, Stolen or Unclaimed Vehicles Pursuant to Illinois Compiled Statutes" states that the trailer was towed from 1N248 Ridgeland in West Chicago and that the tow was authorized by the Du Page County Sheriff's Office. It also indicates the trailer was sold to Deluxe on May 25, 2007.

¶ 11    After hearing argument, the trial court granted Deluxe's motion to dismiss the second amended complaint with prejudice pursuant to section 2-619(a)(5). Plaintiff timely filed his notice of appeal. We reverse, again.

¶ 12    II. ANALYSIS

4

¶ 13　　　　Landwer seeks reversal of the trial court's dismissal with prejudice of the second amended complaint as time-barred pursuant to section 2-619(a)(5) (735 ILCS 5/2-619(a)(5) (West 2022)). Landwer argues that the five-year statute of limitations on his claims for replevin and detinue should be tolled because Deluxe's acts and failure to act constitute fraudulent concealment that prevented him from discovering that it held his property. Landwer further argues that the statute of limitations should be equitably tolled because, despite using reasonable diligence, he could not have discovered that Deluxe had possession of his property until 2016.

¶ 14　　　　We begin our analysis by recognizing where our last one finished. In Landwer's prior appeal, we found that the first amended complaint had properly pled a basis for the equitable tolling of the statute of limitations and reversed its dismissal, remanding the cause to the trial court. We specifically instructed that court to allow Landwer to present evidence on when, through the exercise of reasonable diligence, he could have discovered that Deluxe possessed his trailer. *Landwer*, 2024 IL App (3d) 220077, ¶ 28.

¶ 15　　　　After remand, the trial court did not conduct an evidentiary hearing based on the allegations in Landwer's first amended complaint. Instead, the trial court exercised its discretion and allowed him to file his second amended complaint. That complaint includes significant fact allegations in addition to those pled in the first amended complaint. Because the second amended complaint superseded the first amended complaint, we consider only its allegations in determining the sufficiency of Landwer's claims. *Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150, 154 (1983). Given that a new pleading was filed, our decisions on the prior complaint are relevant only to the extent those allegations are repeated or incorporated in the subsequent complaint. *Gaylor v. Campion, Curran, Rausch, Gummerson and Dunlop, P.C.*, 2012 IL App (2d)

110718, ¶¶ 35, 36. Here, Landwer repeated nearly all of the allegations in his first amended complaint but also alleged additional facts.

¶ 16    Deluxe argues that our prior decision means that it is now the "law of this case" that fraudulent concealment cannot apply to toll the statute of limitations in this dispute. That is incorrect. As Deluxe acknowledges, our prior decision was based on the lack of allegations in the first amended complaint that Deluxe acted to prevent the discovery of Landwer's claim. The first amended complaint is no longer the operative pleading, however, and the second amended complaint contains considerable additional allegations. We did not hold that fraudulent concealment could never be pled nor proven. We must now review the allegations in Landwer's second amended complaint to determine if it pleads either fraudulent concealment or equitable tolling circumstances sufficient to toll the statute of limitations.

¶ 17                        A. Section 2-619 Standards

¶ 18    A motion to dismiss under section 2-619 admits the legal sufficiency of the plaintiff's complaint but asserts that the claim made against the defendant is barred by some affirmative matter that avoids the legal effect of, or defeats, the claim. *Landwer*, 2024 IL App (3d) 220077, ¶ 15. The affirmative matter in this case is based on section 2-619(a)(5) and asserts "[t]hat the action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2022). The parties both agree that the statute of limitations for Landwer's claims for replevin and detinue is five years under section 13-205, which governs actions "to recover the possession of personal property or damages for the detention or conversion thereof." 735 ILCS 5/13-205 (West 2022).

¶ 19    When reviewing a complaint on a section 2-619 motion to dismiss, this court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Porter v. Decatur Memorial Hospital,* 227 Ill. 2d 343, 352 (2008); *Gonnella Baking Co. v. Clara's Pasta di*

6

*Casa, Ltd.*, 337 Ill. App. 3d 385, 388 (2003). The court may consider all facts presented in the pleadings, affidavits, and depositions contained in the record. *Id*. A section 2-619 motion should be granted only if the plaintiff cannot prove facts entitling him to relief. *Landwer,* 2024 IL App (3d) 220077, ¶ 15. We review *de novo* whether a circuit court properly granted a motion to dismiss. *Porter*, 227 Ill. 2d at 352.

¶ 20     Because dismissing a complaint under section 2-619 is a means of summarily disposing of issues of law or easily proved issues of fact, any disputed questions of fact preclude dismissal and are reserved for trial. *Kedzie and 103ʳᵈ Currency Exchange, Inc. v. Hodge,* 156 Ill. 2d 112, 115 (1993). A motion to dismiss must therefore present the sort of supporting proof needed to support a motion for summary judgment. *Id*. at 116. Defendant's proof may consist of affidavits and verified pleadings, but the movant must present adequate support for the asserted affirmative matter defense that defeats the plaintiff's claim or their motion will be denied. *Id*. If the movant presents adequate proof to establish the defense, then the burden shifts to the plaintiff to establish that the defense is unfounded or "requires the resolution of an essential element of material fact before it is proven." *Id*. To establish that the asserted defense is unfounded or that a material element is unproven, the plaintiff may present counter-affidavits or may present other forms of proof. *Id*.

¶ 21     Landwer argues that the five-year statute of limitations should be tolled for his claims because Deluxe acted to fraudulently conceal its possession of his property and that the limitations period should be equitably tolled because, even when acting with reasonable diligence, he could not have discovered that Deluxe held his property until 2016. We will first examine whether Landwer adequately pled either basis to toll the statute of limitations.

1. Fraudulent Concealment

¶ 22    Fraudulent concealment is a statutory exception to the statute of limitations. Section 13-215 of the Code of Civil Procedure states: "If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards." 735 ILCS 5/13-215 (West 2022). Under the fraudulent concealment doctrine, the statute of limitations will be tolled if the plaintiff pleads and proves that fraud prevented discovery of the cause of action. *Henderson Square Condominium Ass'n. v. LAB Townhomes, LLC*, 2015 IL 118139, ¶ 36; *Clay v. Kuhl*, 189 Ill. 2d 603, 613 (2000). Generally, the concealment necessary to toll the statute of limitations must consist of acts or representations that prevent a plaintiff from discovering a viable claim. *Henderson*, 2015 IL 118139, ¶ 38. In our previous decision in this case on those issues, we held that the statute would be tolled for Landwer's claims of replevin and detinue until Landwer knew or should have known, through the exercise of reasonable diligence, that Deluxe possessed his trailer. *Landwer*, 2024 IL App (3d) 220077, ¶ 26.

¶ 23    Landwer's second amended complaint contains numerous additional allegations concerning Deluxe's fraudulent concealment. Those additional allegations contain sufficient details of the specific acts allegedly performed by Deluxe to prevent Landwer from discovering who possessed his property to remedy the first amended complaint's previously inadequate pleading of fraudulent concealment.

¶ 24    The second amended complaint alleges that Deluxe admitted towing Landwer's trailer and that Deluxe asserted that it gained possession of the trailer because of a tow request by the Du Page County Sheriff. Landwer alleges that any tow requested by the police or a private party is governed by statutes mandating what a towing service must do concerning the towed trailer (625

8

ILCS 5/4-201 *et seq.* (West 2022)). Landwer also alleges that any reimbursement Deluxe sought for towing and storage charges was governed by the Labor and Storage Lien Act (770 ILCS 45/0.01 *et seq.* (West 2022)). Those statutes mandate that the towing service make required notifications and take specific actions that vary with the circumstances of each tow. Those required acts may include notification to the requesting police of the tow's completion, direct written notifications to the owner of the towed property, the charges for the tow, and any liens being asserted for those charges. See 625 ILCS 5/4-202, 203(g)(2), 204, 205, 206, 208, 212, 216(a) (West 2022).

¶ 25        Landwer's second amended complaint alleges that Deluxe never notified the police that it had taken possession of the trailer and the police never notified him that Deluxe possessed the trailer. It also alleges that Deluxe never provided him, as the registered owner, with the statutorily required written notice that it had towed the trailer, nor provided written notice to him, as the owner, that it was seeking any payment from him, was asserting a lien on his trailer, or was seeking to sell the trailer. The complaint also alleges that Deluxe never published proper notice of any sale or lien against his trailer.

¶ 26        In addition, Landwer pleads that he had reported the trailer and equipment as stolen, filed a report with the Hanover Park police, and contacted the State of Illinois to determine if any of the stolen items had been registered with a new owner. Landwer alleges that Deluxe failed to follow the statutory notice provisions so that it could conceal its possession of the trailer and his property. He further alleges that Deluxe retained possession of the trailer and his property, sold some of the property, and attempted to gain title to the trailer.

¶ 27        In considering the section 2-619 motion to dismiss, we must accept Landwer's factual allegations as true and view them in the light most favorable to Landwer. *Gonnella,* 337 Ill. App.

9

3d at 388. Landwer's allegations more than adequately state facts that, if proved, would support the inference that Deluxe wrongfully failed to provide required notice to Landwer that Deluxe had the trailer, despite knowing his name and address, and did so deliberately to obtain ownership of Landwer's property. Landwer adequately states facts to support the tolling of the statute of limitations based on fraudulent concealment.

¶ 28                             2. Equitable Tolling

¶ 29        Equitable tolling is appropriate when: (1) a defendant has misled a plaintiff; (2) the plaintiff was prevented from asserting their rights in an extraordinary way; or (3) the plaintiff asserted their rights in the wrong forum. *Clay*, 189 Ill. 2d at 614. The extraordinary barriers required to establish equitable tolling may be an irredeemable lack of information or a plaintiff's inability to learn the identity of the proper defendant through the exercise of reasonable diligence. *Ralda-Sanden v. Sanden*, 2013 IL App (1st) 121117, ¶ 26.

¶ 30        Landwer realleged all the allegations in his first amended complaint that this court previously found supported equitable tolling (and that our specially concurring colleague found adequate to state fraudulent concealment). *Landwer*, 2024 IL App (3d) 220077, ¶ 42. Landwer also made additional allegations of deliberate actions by Deluxe, as listed above, to prevent him from discovering that Deluxe possessed his property.

¶ 31        Landwer has, thus, properly pled sufficient facts, if proven, to support a claim of equitable tolling of the statute of limitations. In our prior decision in this case, we held that the statute of limitations would be equitably tolled until Landwer could have discovered through the use of reasonable diligence that Deluxe possessed his trailer. *Landwer,* 2024 IL App (3d) 220077, ¶ 28.

¶ 32                           B. Evidence of Notice

¶ 33    Landwer has properly pled facts to support both fraudulent concealment and equitable tolling sufficient to toll the statute of limitations. Deluxe argues that even if facts to support tolling were properly pled, the statute of limitations may only be tolled until July 2007, when Deluxe claims it published a notice showing it possessed the trailer. Deluxe argues that the publication of notice in July 2007 is the time Landwer should have known, through the exercise of reasonable diligence, that Deluxe possessed the trailer and when the statute of limitations began to run. The five year statute of limitations would then have ended in July 2012, and, because Landwer did not file until 2018, the suit is time barred and properly dismissed.

¶ 34    Deluxe's section 2-619(a)(5) motion to dismiss could be properly granted only if it presented proof that removed all issues of material fact concerning whether Landwer's 2018 complaint "was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2022). This necessarily requires Deluxe to present proof that there is no question of material fact that proper notice was published in July 2007 that informed Landwer Deluxe possessed the trailer. If there are unresolved material questions of fact, the motion may not be granted. See *Ralda-Sanden*, 2013 IL App (1st) 121117, ¶¶ 17, 26 (statute of limitations equitably tolled when identity of defendant could not have been found by plaintiff even with exercise of due diligence).

¶ 35    Deluxe thus must present proof that there are no issues of material fact regarding the publication of notice of the towed trailer to obtain dismissal of Landwer's complaint. To support its motion to dismiss, Deluxe proffered affidavits and attached documents on the towing of the trailer and the publication of notice. After reviewing that evidence, however, we conclude issues of material fact relating to the notice remain, precluding resolution of the case by a section 2-619 motion to dismiss.

11

¶ 36    Deluxe's motion to dismiss included its president's affidavit, which stated that Deluxe towed the trailer from West Chicago at the request of the Du Page County Sheriff. Also attached to the affidavit were two documents from Deluxe's records: (1) a copy of a "Certification of Publication" from the Daily Herald newspaper of a notice of sale to enforce a lien on the trailer showing 2007 publication dates of July 2, 9, and 16, for a sale to be held on July 31, 2007; and (2) a "Certificate of Purchase" showing the trailer was towed from West Chicago and then sold to Deluxe at a sale on May 25, 2007.

¶ 37    First, there are numerous unresolved issues of fact regarding the viability and accuracy of the Certification of Publication notice because its contents conflict with other evidence offered by Deluxe in the record. The Certification of Publication states that the trailer was towed from Landwer's home address, not from West Chicago, directly contradicting the affidavit of Deluxe president's and the Certificate of Purchase. Moreover, the Certification of Publication, purportedly published in July 2007, was for a sale scheduled to occur on July 31, 2007, but the Certificate of Purchase indicates that the trailer had already been sold to Deluxe two months earlier, on May 25, 2007. Deluxe offers no explanation for the inconsistencies, creating questions of why and from where the trailer was towed and when or if the trailer was sold. The inconsistencies leave unresolved what statutory duties of notice were required of Deluxe and whether Deluxe complied with those notice statutes.

¶ 38    The Certification of Publication lists Landwer as the owner of the trailer and shows his correct home address, establishing that Deluxe knew that information in July 2007. Landwer alleges, however, that he never received written notice from Deluxe of the tow, lien, or sale. If Deluxe sought to sell the trailer to collect storage fees, it was required to send Landwer written notice by certified mail. 625 ILCS 5/4-216(a) (West 2022). In the absence of that mandatory notice,

12

Deluxe was not entitled to collect storage fees or to enforce a lien, and Landwer was entitled to possession of the trailer. 625 ILCS 5/4-216(b), (c), (e) (West 2022). Failure to send the required written notice precludes Deluxe from both enforcing any lien for fees or selling the trailer. *King Auto Sales, Inc v. Act Now Towing,* 2021 Il App (5th) 200143, ¶ 24. The purportedly published notice is, thus, at least inaccurate and potentially invalid. It is not the role of this court to resolve these factual issues on appeal. The existence of these unresolved fact issues, however, precludes the dismissal of Landwer's second amended complaint.

¶ 39    Second, Deluxe's submissions fail to eliminate all factual issues on the authenticity of the Certification of Publication. Deluxe did not produce the original Certification of Publication. Deluxe obtained affidavits indicating that the copy of the Certification appeared to be authentic and in the proper form, but it was not authenticated by the publisher. The inconsistency of the information contained in the Certification of Publication copy, the Certificate of Purchase, and Deluxe's other affidavits also calls the authenticity of the copy into question. Landwer also offered evidence that the notice was not actually published on the July 2007 dates listed on the Certification of Publication and that it may not have appeared in an appropriate version of the Daily Herald. Landwer produced copies of the Daily Herald for the listed publication dates that did not contain the required notice. These material issues of fact may be resolved only through an evidentiary hearing, not on a section 2-619 motion to dismiss. See *Draper v. Frontier Insurance Co.*, 265 Ill. App. 3d 739, 742 (1994) (stating that a section 2-619 motion to dismiss may not be granted if the trial court finds disputed questions of fact and that the "court may not weigh the evidence or decide controverted material issues of fact" in deciding a motion to dismiss).

¶ 40    We conclude that Deluxe has failed to meet its burden of establishing that no material issues of fact related to the tolling of the statute of limitations due to fraudulent concealment or

equitable tolling remain. Landwer's second amended complaint alleges sufficient facts, if proven, to allow the statute to be tolled to a date within the statutorily allowed period. Accordingly, the dismissal of Landwer's second amended verified complaint is reversed, and this matter is remanded to the circuit court for evidentiary proceedings on the alleged facts pled in the second amended complaint concerning the tolling of the statute of limitations.

¶ 41                                    III. CONCLUSION

¶ 42        For the reasons stated, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded to the circuit court for further proceedings consistent with this order.

¶ 43        Reversed and remanded.